SAMUEL NORRIS, Appellant, *v.* SAMUEL H. DENTON, Respondent.

A judgment was had in the District Court in favour of the appellant, and against the respondent. Held, that after judgment against him, it is too late for plain-tiff to file his bill for a discovery in aid of his defence, on the ground that it was meritorious, and lies entirely within the knowledge of the judgment creditor.

APPEAL from the Sixth District.

This was a bill praying relief against a judgment obtained by the plaintiff against the defendant in the District Court, and for discovery. The bill verified by the oath of the defendant sets forth that the plaintiff on the    day of December, 1850, gave a promissory note to the defendant for $1200, payable on de-mand; that on the 24th January, 1851, defendant called at plaintiff's residence, and producing the said note demanded pay-ment, which the plaintiff then and there paid; that at the time of payment, the defendant laid the note on the table in the room where the money was paid, and "for sometime believed the note had passed out of defendant's possession in this manner." That plaintiff afterwards was called on by defendant's attorney for

payment of the note, which he refused, and stated that he had already paid it as above.   Plaintiff then called on defendant, and asked what he meant by placing his note in the hands of an attorney for collection, which had been once paid, &c.   Defendant appeared much mortified at what had been done, and asked plaintiff to say nothing about it, and defendant said he would get the note from the attorney and "surrender the same to the plaintiff." This he failed to do, and suit was brought for its recovery, and judgment had against the plaintiff on the        day         , 1852, for the amount of the note.   That the note was fraudulently removed from the table by the defendant when payment was made, and by him carried off without the knowledge or consent of plaintiff.   That defendant left this State before suit was commenced, and his place of residence is to the plaintiff unknown—and all efforts to ascertain where he was to be found have proved fruitless, till within two or three days past, and since the rendition of the judgment, when plaintiff was informed that defendant is in New York, where defendant believes he resides, &c.   That an execution has issued on the judgment, and the plaintiff's property levied on, which will be sold by the sheriff unless this Court interposes, &c.   Plaintiff therefore prays that an order be made upon defendant to surrender the note, or cancel the same; to enjoin the defendant from collecting the judgment, and for a discovery, &c.

April, 1852.   The Court ordered an injunction, &c., which defendant's counsel moved to dismiss, and filed reasons.

1st.   That the cause of action set forth had been adjudicated upon.   2d.   That the prayer for the injunction is against the defendant, and the injunction issued is against the sheriff of Sacramento county and others.   3d.   Because the complaint shows no equity.   4th.   Because the facts laid do not constitute a cause of action.

July 9th.   This Court dissolved the injunction.   Plaintiff moved to reinstate it, and offered proof that defendant was in New York, and engaged in business in that city, &c.

August 13th.   The Court overruled the motion and the plaintiff appealed.

No brief is found on file on the part of the appellant.

*Heard* and *Wallace*, for the respondent.

To entitle the party to the relief sought by this complaint, the new matter must have come to his knowledge *after* the decree. Story's Eq. Plead. sects. 404. 412 and 413. And must be such that the party by reasonable diligence could not have discovered. Ib. sect. 414. The complaint shows that plaintiff had knowledge of the alleged fraud, which is the ground of his complaint, before the suit was brought against him on the note. By showing the fraud, as charged, the Court would not have permitted the trial to take place till the evidence was obtained; and that plaintiff did not know where the defendant resided is no excuse.

HEYDENFELDT, Justice.—A judgment was rendered in the District Court against the plaintiff and in favour of the defendant; and the former now files this bill to obtain from the latter a discovery in aid of his defence, on the ground that the defence is meritorious, and lies entirely within the knowledge of his judgment creditor. The action taken by the complainant comes too late. He ought to have filed his bill for discovery before judgment was rendered against him, and then his remedy would have been perfect, as he could also have enjoined the party suing him from proceeding in his suit until he had fully answered and made the discovery sought for.

While the law affords complete remedies to those who are diligent, it cannot level its rules to subserve the purposes of those who are guilty of negligence and delay.

The judgment is affirmed with costs.

MURRAY, Chief Justice.—I concur.