[Crim. No. 523.   Department One.—October 23, 1899.]

THE PEOPLE, Respondent, v. GEORGE F. PLYLER, Appellant.

CRIMINAL LAW—TRIAL—EXAMINATION OF JURORS — PRIVATE RIGHT TO ENFORCE LAW—BIAS.—At a trial upon a criminal charge which may involve the question, the jurors may be asked upon their *voir dire* whether they believe that a man has the right to take the law into his own hands, and thereby commit a crime; and one who answers the question affirmatively has a bias which in law disqualifies him as a juror, unless it is made to appear upon further examination that the case could not under any circumstances come within the class toward which the bias extended. If the question is answered in the negative, and the examination then closes, there can be no substantial error in allowing the question to be put.

ID.—TESTIMONY TAKEN AT PRELIMINARY EXAMINATION — AFFIDAVIT OF DEATH OF WITNESS.—The death of a witness whose testimony was taken at the preliminary examination must be proved at the trial

in the same manner that any other fact is proved, by relevant
and competent evidence, with the right of cross-examination,
and cannot be established by the *ex parte* affidavit of a relative
of the witness.

ID.—REPORTER'S NOTES OF EVIDENCE—CONSTITUTIONAL LAW.—The stat-
ute allowing the reporter's notes of the testimony of witnesses
taken at the preliminary examination to be introduced at the
trial, upon its being satisfactorily shown to the court that the
witnesses are dead or insane, or cannot, after due diligence, be
· found in the state, is constitutional and valid.

ID.—STRIKING OUT EVIDENCE—SUBSEQUENT ADMISSION—WAIVER OF OB-
JECTION.—An objection to an order striking out evidence is imma-
terial, where the same evidence is subsequently given by the
witness without objection.

ID.—INSANITY—OPINIONS—CIRCUMSTANCES—PREPONDERANCE OF EVIDENCE
—QUESTION FOR JURY.—Notwithstanding the expert evidence and
the opinion evidence of the friends and acquaintances of the
defendant may all have pointed toward the defendant's insanity,
still it was the right and duty of the jury to measure and weigh
such evidence in connection with the conduct and acts of the
defendant as disclosed by all the circumstances in evidence, and
to determine whether or not the insanity of the defendant was
proved by a preponderance of evidence.

ID.— INSTRUCTION AS TO JUSTIFICATION—MATTER OF FACT.—An instruction
that no evidence has been introduced tending to show any justi-
fication of the crime alleged in the information is near the
border line of error as charging upon matter of fact, and should
not be given.

APPEAL from a judgment of the Superior Court of Santa
Cruz County and from an order denying a new trial. Lucas F.
Smith, Judge.

The facts are stated in the opinion of the court.

Josselyn & Houck, and Joseph H. Skirm, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant
Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of mayhem,
and appeals from the judgment and order denying his motion
for a new trial.

Under objection and exception the court allowed various
jurors upon their *voir dire* to answer the question, "Do you
believe that a man has the right to take the law into his own
hands and thereby commit a crime?" The attorney general

contends that the question was clearly proper for the purpose of securing light upon the minds of the jurors with a view to a peremptory challenge, and for authority relies upon *People v. Car Soy,* 57 Cal. 102. It would seem that *People v. Hamilton,* 62 Cal. 378, to some degree at least, curtails the doctrine of the previous case. Yet, aside from any question of peremptory challenge, we deem the action of the court in allowing the question entirely proper. It is, in effect, asking the prospective juror, if taken upon the panel will he decide the case according to the law and the evidence. Certainly, a juror who declares that he believes a party is justified in taking the law into his own hands in certain cases, notwithstanding he commits a crime thereby, should not be taken upon a jury. The identical case upon trial might be one of those cases which the juror had in mind when making such a statement, and a man in that mental condition should not be taken. He has a bias which in law disqualifies him as a competent juror. To be sure, if it should be developed upon further examination that the case upon trial could not, under any circumstances, come within the class toward which the witness' bias extended, then possibly the juror would be qualified. But in this case the various jurors in answer to this question declared in the negative, and the examination there closed. Clearly, there was no substantial error in allowing the question to be answered.

One Bradley testified at the preliminary examination of the defendant. He was a very important witness. At the trial, his evidence taken at the preliminary examination was offered, supported by an attempted showing that he had since died. Section 686 of the Penal Code provides that this kind of evidence may be introduced "upon it being satisfactorily shown to the court" that the party is dead or insane, or cannot, after due diligence, be found in the state. The sole showing made by the prosecution going to the fact of the death of the witness was in the form of an affidavit made by his sister, to the effect that he was dead. This affidavit was admitted under objection. Any evidence introduced to show the death of the witness was as much a part of the trial as any other part of it. And the fact that the witness was dead could no more be shown by affidavit than the fact that declarations could be shown by affidavit to have been made under the sense of im-

pending death, or that the contents of a written document could be shown, supplemented by an affidavit to the effect that the document was lost. The statute says the fact of death must be satisfactorily shown to the court. It means the fact of death must be shown by relevant and competent evidence. We know of no case where it has ever been held that an affidavit may be introduced as evidence at the actual trial of a defendant. The statute (Code Civ. Proc., sec. 2029) forbids it. The only answer found in the brief of the attorney general to appellant's contention in this particular, is the claim that an affidavit may be used upon the hearing of a motion, and that the introduction of this evidence partook of the character of a motion. We cannot indorse this contention. Almost every state constitution in the Union has a provision declaring that a defendant is entitled to be confronted at his trial by the witnesses against him. While our constitution has no such provision, yet that declaration is found in the Penal Code of the state, and, while there are a few statutory exceptions made to the rule there declared, still the right thus given to a defendant by the statute is deemed a most substantial one. If the practice here adopted could be allowed, then a defendant would be deprived of the right to cross-examine the witnesses against him, a right of the highest importance.

Various objections are made to the admission in evidence of the reporter's notes of the testimony of Harris and Bradley, given and taken at the preliminary examination. The statute allowing this character of evidence to be introduced at the trial is constitutional. (*People v. Oiler*, 66 Cal. 101; *People v. Chin Hane*, 108 Cal. 597; *People v. Sierp*, 116 Cal. 250; *People v. Cady*, 117 Cal. 10.) The various objections raised by appellant's brief upon this branch of the case are entirely too technical to possess substantial merit. A review of the soundness of the ruling of the court in striking out the answer of the witness to the effect that defendant's "manner was bad, desperate, crazy," becomes immaterial, for subsequently the same evidence was given by the witness without objection.

It is claimed that the verdict of the jury is contrary to the evidence in this, that defendant's insanity was established without substantial conflict. There is nothing whatever in this contention. Even conceding that the expert evidence and the

opinion evidence of friends and acquaintances all pointed to defendant's insanity, still the jurors had the right, and it was their duty, to measure and weigh that evidence in conjunction with defendant's conduct and acts as that conduct and those acts were disclosed by all the circumstances of the case; and, after so weighing all the evidence, it was their duty to say whether or not the insanity of the defendant was shown by a preponderance of evidence.

Error is complained of in the giving of an instruction which is in part as follows: "I instruct you further that there has been no evidence introduced in this case which tends to show any justification of the crime alleged in the information." This instruction is near the border line of error as charging upon matters of fact. Upon a second trial it should not be given. Many objections are made to other instructions given to the jury, and also objections are presented to some which were offered and refused. We have examined all these objections with care, and find the great majority of them of a highly technical character. Many of the instructions find support in the authorities of this state, while others need no authority to support them. There is no substantial merit to be found in any of these contentions, and they are overruled.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Van Dyke, J., and Harrison, J., concurred.