[Crim. No. 4.  First Appellate District.—June 27, 1905.]

## THE PEOPLE, Respondent, v. FRANK BALLARD, Appellant.

CRIMINAL LAW—ROBBERY—ERROR IN ADMITTING DEPOSITION OF WITNESS ROBBED—WANT OF DILIGENCE—INSUFFICIENT SEARCH.—Upon a trial for robbery, it was error to admit the deposition of the witness robbed taken at the preliminary examination on the alleged ground that the witness ''cannot with due diligence be found within the state,'' where there is no competent evidence of such diligence, and the search for the witness was insufficient and perfunctory, without inquiry at last-known place of work outside of the county, though his absence from the county was known to the district attorney.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

H. H. McCloskey, for Appellant.

U. S. Webb. Attorney-General, for Respondent.

HARRISON, P. J.—The appellant was convicted in the superior court for San Francisco of the crime of robbery, and has appealed from the judgment thereon and also from an order denying him a new trial.

The prosecuting witness, Thomas Cronan, upon whom the robbery was committed, was not present at the trial, and the district attorney offered to read in evidence the transcript of his testimony given before the police court at the preliminary examination of the defendant; and for the purpose of laying the foundation for reading the same introduced evidence of his absence from the city, and of the efforts to secure his presence at the trial. The defendant objected to the reading of this testimony upon the ground that no subpœna had been issued for his appearance at the trial on that day, and that the prosecution had not used due diligence to find him. The objection was overruled, and the deposition was read in evidence. To this ruling the defendant excepted, and relies upon the error therein in support of his appeal.

The facts upon which the objection was made, as shown in the bill of exceptions, are as follows, viz.: The trial upon the information was originally set down for January 11, 1904, when it was continued to January 18th, and on that day was again continued until February 1st, and by further continuances on subsequent days to March 29th. On January 17th Cronan was duly subpœnaed to be present as a witness on the next day; and upon a subpœna afterwards issued to the county of Solano a return was made on January 30th by the sheriff of that county that he had received it on January 19th, but had been unable to find the witness in that county. The prosecution caused no other subpœna to be issued for him, nor did it make any further effort to secure his presence at the trial, until March 28th, the day prior to the one on which the trial was had; nor was it shown that the witness was informed or knew of either of the several continuances. On March 28th a police officer went to two places in San Francisco, at one of which the witness was stopping at the time of the commission of the crime, December 5, 1903, and upon making inquiry for him at those places was told that he had left them; but it does not appear that any inquiry was made as to when he left or whither he had gone, nor was it shown that he had been at either of those places since the day of the crime. The officer also testified that the witness was a laboring man, working on the railroad at Richmond whenever he could get work, but it does not appear that any effort was made to find him at Richmond, although the attention of the district attorney was called to the fact that he was not in the city.

Under section 686 of the Penal Code the right of the prosecution to read the deposition of a witness in evidence upon the trial of a defendant in a criminal action is an exception to the right therein given a defendant ''to be confronted with the witnesses against him''; and before a deposition can be so read the facts creating the exception must be clearly shown to the court, one of which is that the witness ''cannot with due diligence be found *within the state.*'' The existence of this fact is to be determined by the trial court from the evidence thereon presented to it, and, like its decision upon any other question of fact, will not be set aside unless there is such want of evidence in its support as to show that there was an abuse of discretion in making such decision. (*People* v. *Lewandowski,* 143 Cal. 574, [77 Pac. 467].) If there is no competent evidence in support of its decision it will be disregarded. (*People* v. *Plyler,* 126 Cal. 379, [58 Pac. 904].)

In the cases cited by the attorney-general in support of the ruling of the superior court there was an abundance of evidence showing a serious effort on the part of the prosecution to secure the presence of the absent witness; whereas in the present case the record shows such efforts to have been of a perfunctory character, although the absence of the witness was known to the district attorney; and no effort was made to find him at Richmond, where it was testified that he had been at work. It must be held, therefore, that the court erred in permitting the deposition to be read in evidence, and that for this error the judgment must be reversed.

The appellant has also urged that the deposition was itself insufficiently authenticated, and for that reason incompetent as evidence; but as the grounds for this error may be obviated upon another trial it is unnecessary to pass upon its sufficiency.

The judgment is reversed.

Cooper, J., and Hall, J., concurred.