[Crim. No. 2643. In Bank.—April 23, 1924.]

THE PEOPLE, Respondent, v. GEORGE FRANK, Appellant.

[1] CRIMINAL LAW—EVIDENCE—DEPOSITIONS — SUFFICIENCY OF OBJECTIONS.—Where in a criminal prosecution the district attorney offered letters between himself and a witness and a telegram from the latter, for the purpose of showing the absence of such witness and his wife from the state and laying the foundation for reading their depositions, objections made by the defendant that no proper foundation was laid for the admission of said depositions for the reason that there was nothing before the court tending to show "that the party therein mentioned is not in the county of Los Angeles or in the state of California; there is nothing there indicating that any diligent search or inquiry has been made for either one of those parties in the state," and that as to the letters and telegram "there is nothing before the court going to show that the party whom they desire to call sent that letter; there is nothing going to show that this is the letter coming from him, unless we indulge in the presumption or guess that that is the letter from him," were sufficient in form and substance to raise the point on appeal that it was error to permit the reading of said depositions.

[2] ID.—DEPOSITIONS—INADMISSIBILITY OF.—In such a prosecution the letters and telegram in question were inadmissible for any purpose over the objection of the defendant until the foundation had been laid by some competent evidence of their genuineness; and their genuineness was not sufficiently established by the internal evidence contained in them where there was no competent evidence that they were in reply to any communication from the district

Use in criminal case of testimony given on former trial or preliminary examination by witness not available at present trial, notes, 61 Am. St. Rep. 886; 1 Ann. Cas. 471; 13 Ann. Cas. 973; Ann. Cas. 1913C, 440, 464; Ann. Cas. 1917A, 658, 15 A. L. R. 495.

attorney and no competent evidence that any communication was sent to these witnesses by the district attorney.

[3] ID.—EVIDENCE—DEPOSITIONS.—In such a prosecution, no proper foundation having been laid for the admission in evidence of the depositions, their contents could not be considered for any purpose, not even for the purpose of laying the foundation for their own admission.

[4] ID.—VERDICT BASED ON INCOMPETENT EVIDENCE—MISCARRIAGE OF JUSTICE.—When it clearly appears that a verdict of conviction is based upon incompetent evidence which was admitted over the objection of the defendant sufficient in form and substance to preserve his exception thereto, it must be concluded that the judgment resulting therefrom involves a miscarriage of justice.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Arthur Keetch, Judge. Reversed.

The facts are stated in the opinion of the court.

F. W. Allender for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and J. L. Flynn for Respondent.

THE COURT.—The defendant was convicted upon each of two counts of an information which in the first count charged him with the commission of the crime of burglary with intent to committ larceny and in the second count charged him with the crime of robbery. The court received in evidence the testimony given in January, 1923, at the preliminary examination, by Edwin A. MacPherson and his wife, Ellen MacPherson, to the effect that in their room in the Ambassador Hotel, in the city of Los Angeles, at the time stated in the information, the defendant, in their presence, committed the acts constituting the alleged crimes. Without this evidence it is reasonably certain that the defendant could not have been convicted; with it his guilt is established "beyond a reasonable doubt." He appeals from the judgment and from an order denying his motion for a new trial.

The principal point relied upon in support of the appeal is that the court erred in permitting the depositions of said witnesses to be read in evidence. Counsel for defend-

ant, in stating his objection that no proper foundation was laid for admission of said depositions, insisted that there was nothing before the court tending to show "that the party therein mentioned is not in the county of Los Angeles or in the state of California; there is nothing there indicating that any diligent search or inquiry has been made for either one of those parties in the state."

The information was filed on the ninth day of February, 1923. The case was first set down to be tried on the fifth day of April, at which date, at request of defendant, the trial was continued to April 23d. On April 23d the trial was continued to June 7th, and at that time the case was tried. In order to lay a foundation for the introduction of said depositions in evidence the district attorney first exhibited to the court and opposing counsel, along with the questions which had been propounded to Mr. MacPherson and the answers thereto, three documents, all "for the purpose of reading his testimony—both he and his wife." The documents consisted of a telegram, dated April 4, 1923, from Denver, Colorado, directed to the district attorney, and which he stated that he had received, and purporting to be signed by said Edwin A. MacPherson; a letter dated April 5, 1923, purporting to be signed by the district attorney and addressed to said MacPherson at Fort Worth, Texas, and a letter dated May 3, 1923, Denver, Colorado, purporting to be signed by said MacPherson.

The telegram of April 4th, purported to be in reply to a message of the district attorney to Fort Worth, "re Mrs. MacPherson and me being Los Angeles on April 5th," in relation to this case, referred to the fact that they had gone to Los Angeles in January solely to give evidence in this case, and regretted that it would be impossible for them to return on April 5th. The letter of April 5th informed MacPherson that the trial of Williamson (the name first given by defendant at the time of his arrest, and therefore the name under which the prosecution originally was commenced) had been continued until April 24th, and urged that MacPherson and his wife be present for the trial at that time. The letter of May 3d purported to be in reply to a letter of April 27th from the district attorney, and referred to "your request for Mrs. MacPherson's and my presence in Los Angeles on June 16th." The

letter then stated that MacPherson was then constructing "a long line in the states of Wyoming and Nebraska," which would occupy all of his time until the early part of the year 1924, and that it would therefore "not be possible for me or for Mrs. MacPherson to appear against this defendant within that time." In this letter he referred again to the fact that he had given testimony in the case the preceding January.

Counsel for defendant, in arguing his objections in the trial court to the letters and telegram, did not object to the district attorney's statement that the copy of the letter of April 5th was a copy of a letter which he had written to Mr. MacPherson, or that he had received the other letter and the telegram; neither did counsel for defendant stipulate thereto. The emphasis of the objection, as made by defendant's counsel, was laid upon the proposition that "there is nothing before the court going to show that the party whom they desire to call sent that letter; there is nothing going to show that this is the letter coming from him, unless we indulge in the presumption or guess that that is the letter from him."

[1] The two objections herein quoted were sufficient in form and substance to raise the point relied upon by the defendant upon this appeal. [2] The letters and telegrams were inadmissible for any purpose over the objection of the defendant until the foundation had been laid by some competent evidence of their genuineness. We cannot see that their genuineness was sufficiently established by the internal evidence contained in them for the reason that there is no competent evidence that they were in reply to any communication from the district attorney. There is no competent evidence that any communication was sent to these witnesses by the district attorney. If he had asked for a stipulation from defendant's counsel to the truth of the statements made by him in court, it may be that such stipulation would have been given. If it had been refused, it would then have been incumbent upon the district attorney to be sworn and testify under oath to the truth of those statements. This not having been done, and the defendant having reserved his exception by a sufficient objection, the letters and telegram were inadmissible.

Disregarding the letters and telegram and the statement of the district attorney there remains in the case no foundation for the admission in evidence of the depositions of these two witnesses. It is true that if we examine the deposition of Edwin MacPherson, we find that at said preliminary examination in January he stated that his occupation was "construction"; that he resided at Fort Worth, Texas; that he had come here for the purpose of testifying at this time, and that he expected to return to Texas. Mrs. MacPherson in her deposition stated that she resided at Fort Worth, Texas, and expected to leave Los Angeles shortly for that place. [3] But no proper foundation having been laid for the admission in evidence of these depositions, their contents could not be considered for any purpose, not even for the purpose of laying the foundation for their own admission. We are of the opinion that this case comes within the rule of *People* v. *Plyler*, 126 Cal. 379 [58 Pac. 904], and that the trial court erred in the admission of these depositions in evidence. [4] When it clearly appears that a verdict of conviction is based upon incompetent evidence which was admitted over the objection of the defendant sufficient in form and substance to preserve his exception thereto, we must conclude that the judgment resulting therefrom involves a miscarriage of justice.

The judgment and order appealed from are reversed.