[Criminal No. 643. Filed July 15, 1926.]

[248 Pac. 36.]

## FRANK VALUENZUELA, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—ABSENCE OF WITNESS FROM COURT'S JURISDICTION, MAKING ADMISSIBLE TRANSCRIPT OF HIS TESTIMONY ON FORMER TRIAL, MUST BE SHOWN BY COMPETENT EVIDENCE, NOT AFFIDAVIT (PEN. CODE 1913, § 1052).—That witness is beyond Court's jurisdiction, so as to make admissible, under Penal Code of 1913, section 1052, transcript of his testimony at former trial as made by phonographic report, must be shown by competent evidence, and affidavit is not such evidence.

2. CRIMINAL LAW—AFFIDAVIT OF SHERIFF AS BASIS FOR ADMISSION OF TRANSCRIPT OF TESTIMONY ON FORMER TRIAL HELD OF NO PARTICULAR PROBATIVE FORCE THAT WITNESS WAS BEYOND COURT'S

---

1. See 8 Cal. Jur. 128.

2. Sufficiency of showing as to circumstances justifying admission of testimony of absent witness given at preliminary examination, see note in 25 L. R. A. (N. S.) 875; 8 Cal. Jur. 129; 8 R. C. L. 216. Testimony of absent witness, when admissible, see notes in 61 Am. St. Rep. 886; 15 A. L. R. 495; 21 A. L. R. 662.

JURISDICTION, EVEN WERE IT COMPETENT.—As basis for admission of transcript of testimony on former trial, affidavit of sheriff, who received subpoena day before trial, that he made diligent effort to locate and serve witness, was unable to find him, that he is out of the court's jurisdiction, and that he is informed and believes that he is in another state, *held* of no particular probative force, even were it competent.

3. CRIMINAL LAW — ADMISSION OF TRANSCRIPT OF TESTIMONY ON FORMER TRIAL OF ABSENT WITNESS HELD PREJUDICIAL, IN VIEW OF OTHER TESTIMONY.—Erroneous admission of transcript of testimony on former trial of absent witness that he recognized defendant as one of the robbers *held* prejudicial, only one other of the several present at the time being able to so testify, and his testimony as to where he stood when he recognized defendant differing somewhat from what it was on the previous trial.

See (1) 16 C. J., p. 758, n. 55.   (2) 16 C. J., p. 758, n. 55.   (3) 17 C. J., p. 320, n. 30.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Judgment reversed and cause remanded, with directions.

Messrs. Norris & Norris and Mr. F. E. Flynn, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for the State.

ROSS, J.—The appellant was convicted of the crime of robbery, and he appeals.

The information, filed on the twenty-seventh day of November, 1925, laid the date of the crime as the twenty-second day of November, 1925, and charged the offense as having been committed against one Dea Bing Tan. The trial was had on February 26, 1926.

The evidence showed that the offense was committed about 1:30 o'clock in the morning by two persons with masks over their faces. Dea Bing Tan

was the proprietor of a Chinese restaurant in the town of Jerome, and these two persons entered the restaurant and compelled him to open the cash register, from which they obtained $145. Dea Bing Tan testified that one of the robbers, in leaping over the counter to get to the cash register, let his mask momentarily slip or fall from his face, and that when that happened he recognized him as appellant. There was present working for Dea Bing Tan another Chinaman by the name of Woo Ling, who also testified in a former trial to recognizing appellant. Several other persons in the restaurant did not recognize appellant as one of the robbers.

At the present trial Woo Ling was absent, and the state was permitted to read his testimony stenographically taken at a previous trial of appellant on the same charge. The introduction of this testimony, over the objection of the appellant, is the principal error urged.

The evidence introduced by the prosecution as the foundation for offering Woo Ling's testimony consisted of a subpoena dated February 25, 1926, and on that day delivered to the sheriff of Yavapai county, for witnesses in the case, including Woo Ling, to be present on February 26, 1926, at 1:30 o'clock in the afternoon. The blank form on the subpoena for the return of the sheriff was not filled out, but attached to it was an affidavit, the body of which reads as follows:

"Wm. R. Fitzgerald, being first duly sworn, deposes and says:

"That he is a deputy sheriff at Jerome, Yavapai county, Arizona, and that on the 25 day of February, A. D. 1926, he received the attached subpoena, and that in conformity with his duty he made a diligent effort to locate and serve all persons named therein with said subpoena; that he was unable to find one Woo Ling, named therein; and that the said Woo

Ling is out of the jurisdiction of the above-entitled court; and that affiant is informed and believes that the said Woo Ling is now in the state of Nevada.''

The minutes of the clerk show the court, on February 1st, set the case down for trial on February 27th.

Upon this showing the appellant objected to the reading of the testimony of the witness Woo Ling, for the reason ''that the material part of the affidavit was upon information and belief, and that there was not sufficient foundation for the introduction of the testimony of an absent witness.''

The authority for using secondary evidence of the kind is statutory, and is found in section 1052 of the Penal Code reading as follows:

''Whenever in any court of record the testimony of any witness in any criminal action shall be phonographically reported by an official court reporter and certified by him to be correct, and thereafter said witness shall die or be beyond the jurisdiction of the court in which the cause is pending, and his absence is not procured by the party offering the evidence, either party to the record may read in evidence the testimony of said witness in any subsequent trial or proceeding had in the same cause, subject only to the same objection that might be made if said witness were upon the stand and testifying in open court.''

However, before the testimony of a witness upon a previous trial can be used, it must be made to appear by competent evidence that such witness is either dead or beyond the jurisdiction of the court. The preliminary fact, whichever it may be, must be shown to exist. It is not sufficient to show simply that the witness had testified in a prior trial, and that his testimony had been stenographically reported. Our Constitution, as most of the Constitutions of the states, has a provision that a defendant shall have the

right to be confronted by his witnesses, or that he shall have the right to meet them face to face. Section 24, art 2, Const. Practically all the states with such a provision have held that the rights guaranteed thereby are not violated, if the defendant, either in person or by counsel, has been present and has cross-examined the witness, or had the opportunity to do so.

It is said that statutes like the one above are declaratory of the rule as it prevailed at the common law. *Reynolds* v. *Fitzpatrick,* 28 Mont. 170, 72 Pac. 510. It has always been the rule that the testimony of a witness who had died, become insane, or had gone beyond the jurisdiction of the court, might be used at a retrial of the same issue between the same parties, and in such cases witnesses who had heard the testimony could testify as to what it was. 8 R. C. L. 217, § 214.

The statute above permits and authorizes the use of the transcript of the testimony as made by the phonographic report instead of the oral testimony of witnesses. By the common law it was absolutely essential that the preliminary proof of the facts permitting the use of the secondary evidence should be established by competent evidence, and, as we conceive it, the same rule should, and does, apply under section 1052, *supra.* That section does not provide how the death of the witness, or his absence from the court's jurisdiction, shall be established. Possibly the statute might have made the sheriff's return, or his affidavit of diligence to locate and serve the witness, sufficient, but it does not do so. We have read a great number of the reported cases where the question of the sufficiency of the predicate laid for the purpose of admitting testimony given at a previous trial was passed upon, and in all of them, except one, such preliminary proof was made by witnesses testifying in the trial confronted and cross-examined by the .

accused. There must be a reason for such a uniform practice, and we think that reason is that the profession and the courts have regarded such preliminary proof an integral part of the trial, and subject to the common and general rules governing the production of evidence in criminal cases.

*People* v. *Plyler,* 126 Cal. 379, 58 Pac. 904, is the only case, so far as we have discovered, in which such preliminary foundation was attempted to be established by an affidavit. In that case the sister of the witness whose testimony was used made affidavit that he was dead. The court, after quoting the applicable statute to the effect that the evidence of a deceased witness taken at a preliminary trial might be introduced ''upon it being satisfactorily shown to the court'' that he was dead, or insane, or could not after due diligence be found in the state, said:

''This affidavit was admitted under objection. The evidence introduced to show the death of the witness was as much a part of the trial as any other part of it, and the fact that the witness was dead could no more be shown by affidavit than the fact that dying declarations could be shown by affidavit to have been made under the sense of impending death, or that the contents of a written document could be shown, supplemented by an affidavit to the effect that the document was lost. The statute says the fact of death must be satisfactorily shown to the court. It means the fact of death must be shown by relevant and competent evidence. We know of no case where it has ever been held that an affidavit may be introduced as evidence at the actual trial of a defendant.''

This statement of the law, it seems to us, is absolutely correct, and as applicable to our statute as the one to which it refers.

While section 1052, *supra,* does not provide that the foundation for the use of the testimony shall be satisfactorily shown to the court, that, no doubt,

is the right rule, and it means it must be shown by competent evidence.

The Attorney General intimates, or suggests, in his brief that the Plyler case has been overruled or modified. We find nothing of the kind. On the contrary, we find that it has been followed and approved in *People* v. *Ballard,* 1 Cal. App. 222, 81 Pac. 1040; also in *People* v. *Frank,* 193 Cal. 474, 225 Pac. 448. In this last case the foundation submitted for the purpose of using the depositions of two absent witnesses consisted of letters and telegrams from them, sent from Denver, Colorado, and Fort Worth, Texas. The court said, in speaking of the effect of such preliminary proof:

"We are of the opinion that this case comes within the rule of *People* v. *Plyler,* . . . and that the trial court erred in the admission of these depositions in evidence."

See, also, *People* v. *Hayes,* 72 Cal. App. 292, 237 Pac. 390. In the latter case, although it was shown that considerable effort was put forth to locate the absent witness, the court ruled that, because search was not made at the witness' telephone address and in certain business lines in which he was engaged, his deposition was improperly admitted.

Aside from the incompetency of the evidence relied upon here, it appears to us that it was of no particular probative force. The deputy sheriff's affidavit discloses that any effort to locate the witness made by him was in part on the 25th and in part on the 26th of February. He does not show where he looked for the witness, or where he obtained his information as to his being out of the jurisdiction of the court. All the cases that we have examined, and they are numerous, would certainly reject the sufficiency of this showing, even if it were competently made.

Then again, on the first day of February, the case was set down for trial on the 27th. The record does not show why it was tried on the 26th. There was practically a month intervening, and, so far as we can tell, Woo Ling was in the jurisdiction, and could have been subpoenaed. Just when he left, if he did leave the jurisdiction of the court, is not shown. To allow prosecuting officers upon such a flimsy and insufficient showing to use the testimony of a witness given on a previous trial would open the door, we think, to opportunities to do a defendant great wrong. It would have been an easy matter for the prosecution to have shown by competent evidence the location of this witness, or, if not, to have shown what diligence it actually exercised in trying to locate him. This was not done. We are of the opinion the court erred in permitting the deposition to be read over the objection of the appellant.

It only remains to determine whether the testimony thus read to the jury was prejudicial to appellant's rights. We think there can be no question about that. Dea Bing Tan's testimony as to the place he stood when he recognized appellant is not exactly as it was in the previous trial—probably not as strong. There were several witnesses present at the time, but they were unwilling to testify that appellant was one of the robbers. Without the testimony of Woo Ling it is very probable that the verdict might have been different.

There are two other assignments, but, since the case must be reversed for the error of admitting Woo Ling's testimony, we will not consider them.

The judgment is reversed, and the cause remanded, with directions that appellant be granted a new trial.

McALISTER, C. J., and LOCKWOOD, J., concur.