371 P.2d 599

STATE of Arizona, Appellee,

v.

Robert L. HEAD, Appellant.

No. 1182.

Supreme Court of Arizona,

En Banc.

May 23, 1962.

Stephen W. Connors, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Barry Leverant, Asst. Atty. Gen., for appellee.

JENNINGS, Justice.

Appellant, hereinafter called defendant, appeals from a conviction of first degree burglary.

The facts necessary for a determination of this appeal are as follows: On the night of December 12th or the early morning of December 13, 1959, a window of the jewelry store located at 117 North First Avenue in Phoenix was broken and several items of jewelry removed. Defendant was arrested and charged with first degree burglary.

A preliminary hearing was held on December 18, 1959. At this hearing Charles P. Bradley, a member of the U. S. Navy, testified for the State. He was extensively cross-examined by counsel for defendant. As a result of the hearing defendant was bound over to face trial in the superior court on a charge of first degree burglary.

At the trial the witness Bradley could not be secured to testify in person. In lieu of his presence, and pursuant to Rule 30(B) of the Arizona Rules of Criminal Procedure, 17 A.R.S.,[1] the duly reported and certified transcript of his testimony at the preliminary hearing was admitted into evidence over defendant's objection. As a foundation for admission of this evidence, fourteen subpoenas from all counties in Arizona, and one out-of-state subpoena, all returned unserved, were introduced into evidence. In addition, Edward Bayliss, a deputy sheriff, testified as to the unavailability of Bradley.

Defendant made two assignments of error, the first being that the trial court erred in admitting into evidence the transcript of the testimony of the witness Bradley. Defendant contends that he had a constitutional right to be confronted face to face with the witnesses against him which guaranteed him the right to cross-examine the witness Bradley before the jury at the trial for the offense of which he was charged. He argues that the introduction of Bradley's testimony deprived him of his constitutional rights under the Fifth[2] and Fourteenth[3] amendments to the

---

1. Rule 30(B) provides:
   "When a witness has been examined as provided in Rule 23 and his testimony taken as provided in Rule 28, such testimony may be admitted in evidence upon the trial of the defendant for the offense for which he is held, either on behalf of the state or the defendant, if for any reason the testimony of the witness cannot be obtained at the trial and the court is satisfied that the inability to procure such testimony is not due to the fault of the party offering it." ;
   Rule 23 provides:
   "All witnesses shall be examined in the presence of the defendant and may be cross-examined."
   Rule 28 provides for the reduction of testimony of witnesses and defendant to writing in preliminary hearings.
2. The pertinent part of the Fifth Amendment reads:
   "No person shall * * * be deprived of life, liberty, or property, without due process of law * * *."
3. The pertinent part of the Fourteenth Amendment reads:
   " * * * nor shall any State deprive any person of life, liberty, or property, without due process of law * * *."

United States Constitution and Article 2, Section 24 of the Arizona Constitution, A.R.S.

Defendant contends that Rule 30(B) violates the Constitution of the State of Arizona since it deprives him of the right to confront and cross-examine the witnesses against him and violates the Constitution of the United States in that Rule 30(B) and the order of the trial court pursuant thereto allowing Bradley's testimony to be read, deprived defendant of his liberty without due process of law.

■ It is a fundamental rule of law, established as part of the common law, that the accused has the right to be confronted with those who testify against him. This right is secured or guaranteed by the Sixth Amendment to the Federal Constitution, which applies to criminal prosecutions in the federal courts and by the constitutions of many states. The Sixth Amendment to the Federal Constitution requires that "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." The Arizona Constitution [4] provides "In criminal prosecutions, the accused shall have the right * * *

to meet the witnesses against him face to face * * *."

The argument has many times been made that the constitutional provisions for the right to confrontation are unconditional and absolute in form and that the witness' presence before the tribunal is therefore constitutionally indispensable.[5] It would therefore necessarily follow that any statute or rule of law providing to the contrary would be unconstitutional.

■ However, the constitutional right of an accused to confront witnesses against him is not abridged where the accused at any stage of the proceedings, upon the same accusation, has once been confronted by the witnesses against him, and afforded an opportunity to cross-examine.[6] Sam v. State, 33 Ariz. 383, 265 P. 609 (1928); State v. Heffernan, 24 S.D. 1, 123 N.W. 87, 25 L.R.A.,N.S., 868 (1909); People v. Pickett, 339 Mich. 294, 63 N.W.2d 681, 45 A.L.R.2d 1341, certiorari denied, 349 U.S. 937, 75 S.Ct. 781, 99 L.Ed. 1266 (1954). In an exhaustive annotation appearing in 15 A.L.R. 495 et seq. (1921) [7] it is said:

"The rule has been settled now in practically every jurisdiction that the reproduction of testimony taken at a

---

4. Art. 2 § 24.
5. See V Wigmore, Evidence § 1397 (3rd ed. 1940).
6. Professor McCormick in McCormick on Evidence points out in footnote 22 page 484 that:

"It is perhaps worth noting that the confrontation provisions never explicitly require confrontation *at the final trial.*" (Emphasis original.)
7. Supplemented in 79 A.L.R. 1392; 122 A.L.R. 425; 159 A.L.R. 1240.

**250**

former trial *or in the presence of accused at a preliminary hearing,* when the presence of the witness cannot be secured, does not contravene the constitutional right of an accused to confront the witnesses against him, in whatever language such right has been given." 15 A.L.R. at 503. (Emphasis supplied.)

In Sam v. State, supra, this Court, in construing § 881(7) of the Penal Code of 1913 (now in substance Rule 30(B)) stated:

"This particular statute [§ 881(7) now in substance Rule 30(B)] has never been construed by this court, but [paragraph] 1052, Penal Code of 1913, [now in substance Rule 256] which deals with the subject of testimony taken, not at a preliminary examination, but at a previous trial of a defendant, is the same in principle and in substance * * *.

"We have construed it [paragraph 1052] in the case of Valuenzuela v. State, [30] Ariz. [458], 248 P. 36, and we think the reasoning of that case applies very well to the question before us. Therein we state:

" 'Our Constitution, as most of the Constitutions of the states, has a provision that a defendant shall have the right to be confronted by his witnesses, or that he shall have the right to meet them face to face. * * * Prac-

tically all the states with such a provision have held that the rights guaranteed thereby are not violated, if the defendant, either in person or by counsel, has been present and has cross-examined the witness, or had the opportunity to do so. * * *

" 'The statute above [§ 1052 now Rule 256] permits and authorizes the use of the transcript of the testimony * * *.'

" * * * We therefore hold that the court did not err in permitting the testimony of the witness * * * given at the preliminary examination, to be read to the jury on the various trials." 33 Ariz. 408–9, 413, 265 P. 618, 620.

▪ The defendant, of course, had the constitutional right to be confronted by the witness Bradley. However, this right was accorded him at the preliminary examination where he had ample opportunity to cross-examine Bradley. The record bears out the fact that defendant took full advantage of such opportunity to cross-examine inasmuch as the direct examination of Bradley by the state encompassed 14 pages of reported testimony whereas the cross-examination of the witness by the defendant encompassed 31 pages of reported testimony.

Defendant cites State v. Jordan, 83 Ariz. 248, 320 P.2d 446, certiorari denied 357

U.S. 922, 78 S.Ct. 1364, 2 L.Ed.2d 1367, rehearing denied 358 U.S. 859, 79 S.Ct. 17, 3 L.Ed.2d 93 (1958) for the proposition that defendant must be provided with a constitutional right of confrontation of witnesses at a time when he is before a jury on trial in a court of record when he is in jeopardy. We do not so read that case. It involved the admission of testimony of an absent witness given at a previous trial of the defendant for the same offense and we held that confrontation in the second trial was not necessary.

Defendant also cites State v. Mace, 86 Ariz. 85, 340 P.2d 994 (1959) wherein it was stated:

"* * * The right of the accused in a criminal prosecution 'to meet the witnesses against him face to face' is the right to face those persons whose testimony is offered at trial." 86 Ariz. 86, 340 P.2d 995.

That case involved the question of whether a defendant's constitutional right to meet witnesses against him face to face had been violated since the complaining witness was absent from the trial. It did not involve the admissibility of testimony of an absent witness whom the defendant had had the opportunity of meeting face to face. Nor does it provide that such confrontation must be at the trial. It merely provides that the accused shall have the right to meet those witnesses whose testimony is offered at the trial face to face.

In the instant case the defendant met the witness against him face to face in the constitutional sense. The trial court did not err in permitting the testimony of the witness Bradley to be read to the jury.

Defendant's second assignment of error was that the trial court erred in allowing the State to read the transcript of the witness Bradley's testimony since the State failed to first establish by competent evidence that the witness was beyond the jurisdiction of the court.

Before the testimony of an absent witness given at a preliminary examination can be admitted in evidence upon the trial of the defendant, it must be shown that the witness, whose testimony is offered, is unavailable for personal testimony. Rule 30 (B), Arizona Rules of Criminal Procedure. See Udall, Arizona Law of Evidence § 182. A return of the sheriff showing inability to serve a subpoena on the witness is a preliminary showing of absence, but it is not conclusive on the subject. Either party may supplement or contradict the showing. Sam v. State, supra. The ultimate test as announced in the Sam case, is whether the court is satisfied the witness is beyond its jurisdiction.

In the instant case subpoenas from every county in the state and one out-of-

state subpoena were returned without being served. The subpoena returned from California contains a statement by the attesting officer that:

"I have been unable to locate the following witness: Charles P. Bradley, USS Morton, (DD–948) Records of the Eleventh Naval District indicate that the USS Morton, (dd–948) is on duty in the Western Pacific area * * *."

In addition, Edward Bayliss, a deputy sheriff, testified as to his attempt to serve subpoenas on behalf of the state. After this preliminary showing by the state the trial court stated, "I think there is an adequate showing as to his unavailability" and thereupon permitted the testimony to be read. The ruling of the trial court in admitting the evidence will not be upset in the absence of showing an abuse of discretion. Sam v. State, supra.

Defendant however, contends that the trial court abused its discretion, there not being a sufficient showing made by the state of the unavailability of the witness Bradley. In support of such contention defendant cites Valuenzuela v. State, 30 Ariz. 458, 248 P. 36 (1926). In that case the testimony of a former witness was admitted at a retrial of the defendant solely on the basis of an affidavit of the sheriff attached to the subpoena stating that he had searched for the witness and could not find him. This was held error, the court stating that the sheriff should have testified so that the defendant could cross-examine about the nature and extent of the search. In the instant case a deputy sheriff took the stand and testified as to his attempt to serve the subpoenas for the state. The defendant neither objected nor cross-examined.

Both the defendant and the state were aware of the fact that the witness Bradley was in the navy and returning to his ship at its berth in San Diego for he stated such in his testimony. Defendant contends however, that the state should have served the witness with a subpoena or court order at the time of the preliminary hearing requiring him to appear at the trial of the defendant. With such contention we do not agree.

The trial court being satisfied that the witness was beyond its jurisdiction properly admitted the evidence.

The judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.