[Crim. No. 4203.   First Dist., Div. Three.   Apr. 17, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DANNY LEE GREEN, Defendant and Appellant.

---

*Formerly Rules on Appeal, rule 26(a).

Phillip M. Millspaugh for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny, Robert R. Granucci and John F. Foran, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Convicted of auto theft (Veh. Code, § 10851) defendant appeals.

Robert Johnson testified at the preliminary examination that: he lived in Minnesota, and owned a car whose Minnesota license number he gave; he parked the car on a Richmond street and locked it; it was gone when he returned; he gave no one permission to take it; and the car recovered by the police was his.

After impanelment of the jury, court and counsel had a brief discussion in chambers, at the end of which the court indicated that it would admit transcript of Johnson's testimony at the preliminary, but stated to defense counsel "You may object if you want." Trial then resumed in the presence of the jury. The prosecutor, without being sworn, stated that he held copy of a telegram he had sent to Johnson in Minnesota asking that Johnson confirm by telegram and by airmail letter his telephone statement that he could not attend the trial. This wire was offered and marked for identification only, but nonetheless was read to the jury. Similarly, a telegram and a letter purportedly from Johnson in Minnesota, stating that for medical reasons he would be unable to attend the trial, were marked for identification and read aloud. No objection was made by the defense.

The prosecutor then asked permission to read the transcript of Johnson's earlier testimony. The defense announced "we object." The objection was overruled and the testimony was read to the jury. At the end of the day, defense counsel moved to strike the testimony of Johnson which had been read into the record, specifying the ground that there was no

evidence that he was unavailable to testify in person. The motion was denied. The prosecution then asked that the two telegrams and the letter, all previously marked for identification, be admitted in evidence. The defense objected upon the ground there was no testimony relative to any of them and that they were mere hearsay. The objection was overruled and the documents admitted.

Johnson's earlier testimony was admissible only if it had been "satisfactorily shown to the court that he . . . can not with due diligence be found within the state" (Pen. Code, § 686, subd. 3). Of course, a showing that Johnson was absent from the state would establish that no degree of diligence would find him here (cf. *People* v. *Carswell*, 51 Cal.2d 602, 603 [335 P.2d 99]). But such showing must be made by competent evidence (*People* v. *Plyler*, 126 Cal. 379, 381-382 [58 P. 904]) and the unsworn statement of the district attorney is not adequate to establish the necessary foundation if the issue is raised at trial (*People* v. *Frank*, 193 Cal. 474, 477 [225 P. 448]). Here there is nothing but the unsworn statement of the district attorney to identify or authenticate any of the three communications admitted in evidence.

Respondent argues that the letter and the telegram of Johnson are authenticated by the fact that they reply to the district attorney's telegram (*People* v. *Barker*, 144 Cal. 705 [78 P. 266]). But there is no competent testimony to establish that the district attorney sent the telegram which purports to be his. We know of no rule permitting use of an unauthenticated document to supply deficiencies in other documents neither identified nor authenticated by any evidence.

Defendant would have a far better record had he objected to reading of the communications, and specified grounds of his objection to reading of the transcript. Respondent asserts that these omissions are fatal, and are not cured by the later motion to strike (*People* v. *Scalamiero*, 143 Cal. 343, 345-346 [76 P. 1098]; *People* v. *Abbott*, 47 Cal.2d 362, 372 [303 P.2d 730]). But even before the issue was raised in open court, the judge had indicated his intention to admit the evidence. The three communications were offered for identification only, and at that stage could not have been objected to. When they were first offered in evidence, defendant did object upon detailed and sound grounds. As to the transcript, defendant's preadmission objection was insufficient. But the motion to strike, made before either party had rested, was amply specific to afford court and prosecutor full opportu-

nity to correct their respective errors. If the prosecutor had in fact sent his telegram and received the replies to it, he could readily have been sworn and so testified at that time. He did not take this opportunity. We should readily apply the rule urged by respondent if we dealt here with testimony, which, for lack of objection, goes beyond the scope of admissibility. We are unwilling, however, to resort to that rule to supply a complete absence of essential testimony in a criminal case.

Without Johnson's testimony, there is no evidence to establish the corpus delicti, since the claimed extrajudicial statements of defendant cannot serve that purpose (*People* v. *Amaya,* 40 Cal.2d 70, 75 [251 P.2d 324] ; *People* v. *Mehaffey,* 32 Cal.2d 535, 544 [197 P.2d 12] ).

Judgment reversed.

Salsman, J., and Devine, J., concurred.