529 P.2d 695

**STATE of Arizona, Appellee,**

v.

**Gaspar V. PEREDA, Appellant.**

**No. 2844.**

Supreme Court of Arizona,
In Banc.

Dec. 13, 1974.

Gary K. Nelson, Former Atty. Gen. by Frank T. Galati, Asst. Atty. Gen., N. Warner Lee, Atty. Gen., Phoenix, for appellee.

Paul Hunter, Yuma, for appellant.

STRUCKMEYER, Justice.

Appellant, Gaspar Pereda, was convicted of kidnapping in violation of A.R.S. § 13–491 by jury of the Superior Court of Yuma County, and appeals.

Those facts necessary for the determination of this appeal establish that a complaint was filed charging Pereda with kidnapping and that a preliminary hearing was held thereon at which Pereda was held to answer to the Superior Court. The victim of the alleged kidnapping was one Mike Brader. He was the State's principal witness at the preliminary hearing. Brader did not testify in person at the trial. In lieu thereof, his testimony at the preliminary hearing was read to the jury, over the objection of appellant.

While there are other grounds of appeal, we think they need not be answered, since it is our conclusion that the court erred in admitting Brader's preliminary hearing testimony and that, consequently, a new trial must be ordered.

Both the Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, and Article II, § 24 of the Arizona Constitution guarantee a defendant the right to confront his accusers and witnesses at trial. This guarantee assures the accused of the opportunity

"not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief. Mattox v. United States, 156 U.S. 237, 242–243, 15 S.Ct. 337, 339, 39 L.Ed. 409 [411] (1895)." Barber v. Page, 390 U.S. 719, 721, 88 S.

Ct. 1318, 1320, 20 L.Ed.2d 255, 258 (1968).

Barber v. Page recognized the traditional exception to the rule of confrontation at trial in a situation where an unavailable witness has previously given testimony at a judicial proceeding subject to cross-examination and Arizona has also recognized this exception. 17 A.R.S., Rules of Criminal Procedure (1956), Rule 30, provided:

"B. When a witness has been examined as provided in Rule 23 and his testimony taken as provided in Rule 28, such testimony may be admitted in evidence * * * if for any reason the testimony of the witness cannot be obtained at the trial *and the court is satisfied that the inability to procure such testimony is not due to the fault of the party offering it.*" (Emphasis supplied)

The inquiry in the present case is whether the inability to procure the witness Brader's testimony was due to the fault of the State. This Court has announced that " * * * it must be made to appear by competent evidence that such witness is either dead or beyond the jurisdiction of the court," Valuenzuela v. State, 30 Ariz. 458, 461, 248 P. 36, 37 (1926). Furthermore, such evidence must establish that the witness had been subpoenaed and his nonappearance at the trial was in no way the fault of the State, State v. Dixon, 107 Ariz. 415, 489 P.2d 225 (1971). If a witness cannot be served by subpoena, it then becomes a matter within the sound discretion of the trial court to determine whether a sufficient effort has been made to place the witness under subpoena. State v. Owens, 103 Ariz. 541, 447 P.2d 233 (1968).

In *Owens,* we commented that although the evidence that the witness was beyond the jurisdiction of the court was slight, it was still sufficient to sustain the discretion of the trial court. We are compelled, however, to regard the factual evidence of a good faith attempt and failure to subpoena a witness in *Owens,* as the outer limit of a

court's discretionary judgment. In that case, the witness Graves, an itinerant laborer, had recently been released from custody following a mistrial in a proceeding in which he and Owens had been co-defendants. A subpoena was issued and given to a detective sergeant of the Yuma Police Department who twice visited the area where Graves was known to live, although he had no fixed abode. The subpoena was then turned over to a Yuma County Deputy Sheriff who again visited the area, talked to a number of people and concluded that Graves had left town, probably for California. The fact that Graves was an itinerant worker with no fixed place of abode, no place of business, and a suspected accomplice recently released from custody, gave credence to the trial court's conclusion that he had probably left the area. These facts coupled with the efforts of the police and sheriff's department personnel to personally serve the subpoena indicated that the trial court had not abused its discretion in concluding that a good faith effort had been made by the State to subpoena Graves and that he was unavailable as a witness.

In the instant case, no such effort is apparent. Evidence of the State's efforts to subpoena Brader consisted of the testimony of Willfred Bouley, an agent of the Department of Public Safety, and James Clark, a Deputy County Attorney. In sharp contrast to the efforts made to secure the witness in *Owens,* Clark testified that in this case subpoenas were sent to every county in Arizona *except* Maricopa, even though he knew that the witness had a known address in Maricopa County, maintained a one-half interest in a business there, and had been previously served with a subpoena there. Clark explained that the State's failure to send a subpoena to the Sheriff of Maricopa County was due to their belief that agent Bouley could best serve the subpoena and that also there was a clerical error in the Yuma County Attorney's Office.

Bouley testified that his efforts to serve Brader consisted solely of a series of thirteen telephone conversations with Brader's parents and two telephone conversations with Brader. Bouley did not go to the parents' house in Maricopa County, even though the subpoena listed the house as Brader's address. In addition, Bouley made no attempt to determine whether Brader had a public utility hookup or telephone service. Nor did Bouley visit Brader's place of business, also within Maricopa County. Both Clark and Bouley testified that they were sure the witness was in fact residing in Maricopa County.

Berger v. California, 393 U.S. 314, 89 S. Ct. 540, 21 L.Ed.2d 508 (1969), is a case very similar to the instant one. In *Berger,* the Supreme Court held that a kidnapping conviction must be reversed where the absent victim did not personally testify but his testimony given at the preliminary hearing was read into the record. No subpoena was served; the state investigator merely telephoned the witness' relatives and employer and determined from their responses that the witness was outside California. In the instant case, no attempt was made to contact the witness Brader at his place of employment; an infirmity beyond those noted in *Berger* which otherwise parallel the efforts to secure the witness noted in this case.

We find, as revealed in the record, that the State's attempts to locate Brader and serve him with a subpoena fall far short of the requisite steps necessary to sustain the trial court's finding of a good faith effort.

Nor are we impressed with the State's argument that a previous subpoena for Brader, addressed to the Maricopa County Sheriff's Office, had been issued and not served. This subpoena was not filed with the Clerk of the Superior Court of Yuma County until April 25, 1973, the day after the trial. The letter attached to the subpoena contains six handwritten dates, followed by the initials of some unknown person, with the inscription "returned unserved—no one home at this location." We do not consider that this letter is evidence of a good faith attempt to locate the witness. *Valuenzuela,* supra, stated that

such effort "must be shown by relevant and competent evidence."

In Inspiration Consolidated Copper Co. v. Bryan, 31 Ariz. 302, 311, 252 P. 1012, 1015–1016 (1927), we said:

"* * * such preliminary proof should be made by witnesses testifying in the trial, and confronted and cross-examined by the opposite party. * * * The decision must necessarily be based on the evidence appearing before the court at the time * * *."

The subpoena and letter, with its cryptic dates and initials, filed on April 25, 1973, were clearly not competent evidence to support the court's finding that the inability to locate the witness was not the fault of the State.

Reversed and remanded for new trial.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.