589 P.2d 44

**The STATE of Arizona, Appellee,**

v.

**George Wayne MARSHALL, Appellant.**

**No. 2 CA–CR 1472.**

Court of Appeals of Arizona,
Division 2.

Nov. 27, 1978.

John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Richard C. Henry, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, found guilty by a jury of robbery, was sentenced by the court to a term of not less than five nor more than six years in the Arizona State Prison. He contends the trial court erred in admitting into evidence testimony of the victim from the transcript of the preliminary hearing. We affirm.

At the preliminary hearing the victim testified as follows. On December 31, 1977, he met appellant and a Mr. Redhouse in Armory Park in Tucson, Arizona. They were all drinking wine. When they ran out of wine, the victim offered to buy more. They went to a nearby liquor store where the victim bought two fifths of wine. He gave the clerk a $5 bill and received change. All three then went to the Fourth Avenue underpass and began drinking the wine. While they were drinking, appellant asked the victim to give him his money. When he refused, appellant knocked him down and took his money. He also took the victim's nitroglycerin pills which he had been taking for a heart condition. Appellant then departed. The victim and Redhouse summoned the police and appellant was apprehended nearby a short time later. Three $1 bills were found on his person together with the bottle of pills which bore the victim's name. Appellant, when asked why he had the bottle of pills, stated that the victim had dropped them and he had picked them up.

A transcript of this testimony was allowed into evidence at trial over appellant's objections. Appellant presented no evidence in his behalf. Neither the victim nor

Redhouse testified in person at trial. In fact, Redhouse has never been found. The record shows that appellant was represented by counsel at the preliminary hearing and that his counsel extensively cross-examined the victim.

The preliminary hearing was held on January 11, 1978. The victim had been subpoenaed, but when he did not appear at the preliminary hearing in the morning, an officer was sent to his residence and he was brought down for the hearing. The officer who brought him stated that the victim's physical condition was poor or bad and that he was having problems with his legs and had trouble walking. Appellant was arraigned on January 23, 1978 and his trial was set for March 29, 1978 at which time the trial commenced.

At the trial, a criminal investigator for the state testified that on March 14 he was asked to locate the victim. He secured a subpoena and went to the victim's last-known address, the one where he had been picked up by the officer for transportation to the preliminary hearing. He spoke with the landlady who told him that she had not seen the victim since the first of February. He checked the county hospital and the records indicated that the victim had been treated in the emergency room on February 1, 1978. He also checked with the City of South Tucson, the County Assessor's office, the County Morgue, Tucson Gas & Electric, Mountain Bell Telephone, Tucson Water Department, other hospitals, the Sheriff's Department, and the South Tucson Police. He had the Tucson Police Department issue a "flyer". He checked with liquor stores where the victim usually did business, bars he used to frequent and Armory Park where he did his drinking. He also checked the downtown area neighborhood where the victim lived. He spent about 3 days per week trying to locate the victim and went to his residence twice. He last went to the residence two days before the trial. Following a lead he received thirty minutes before he testified, he had all the hospitals in El Paso, Texas checked, but the only record any of them had of the victim dated back to October, 1977.

The officer who had transported the victim to the preliminary hearing testified that the day before trial he spoke with the landlady. She told him that it was the victim's habit if he was going away for a few days to call her, and that she had not seen him. This officer then made a check at the VA hospital and the bars and liquor stores which the victim frequented. All this proved fruitless.

Rule 19.3(c)(1), 17 A.R.C.P., provides that statements made under oath by a party or witness during a previous judicial proceeding are admissible if, inter alia, "[t]he declarant is unavailable as a witness". Whether or not a witness is "unavailable" within the rule depends upon whether the state has made a good faith effort to secure the presence of the witness at trial. *State v. Pereda*, 111 Ariz. 344, 529 P.2d 695 (1974). The phrase "good faith effort" is not susceptible of precise definition and whether such effort has been made is to be determined on a case by case basis by the trial judge, within his sound discretion. *State v. Owens*, 103 Ariz. 541, 447 P.2d 233 (1968).

Appellant contends that the victim's lifestyle and the fact that he did not initially appear for the preliminary hearing should have put the state on notice that he would not appear for trial. He also contends that the state waited too long before it attempted to subpoena him. We do not agree. The state knew that the victim had been a resident of Tucson intermittently for the previous three or four years and had a regular place of abode. He was not a transient. While he did not initially appear at the time set for the preliminary hearing, he was found at his residence. A good faith effort doesn't require 20–20 hindsight.

The record discloses that the victim testified under oath at the preliminary hearing and that appellant was represented by the same counsel that represented him at trial. Defense counsel had every opportunity to cross-examine the witness and did so. The proceedings were conducted before a judicial tribunal which provided a record of the proceedings. The victim's testimony at the

preliminary hearing was thus admissible in evidence. *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The trial court did not abuse its discretion in admitting the testimony into evidence.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.