[Crim. No. 1054.  Department Two.—May 23, 1904.]

# THE PEOPLE, Respondent, v. MICHAEL SCALAMIERO, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—SUPPORT OF VERDICT.—The evidence in the case is held sufficient to support a verdict of guilty of an assault with intent to commit rape upon a girl eleven years of age.

ID.—EVIDENCE—OBJECTIONS TO ANSWERS.—Where the defendant failed to object to questions asked, and only objected to the answers after they were given, he having an opportunity to object before the questions were answered, the objections and exceptions taken to the answers were unavailing.

ID.—MOTION TO STRIKE OUT ANSWERS—WAIVER OF OBJECTION.—The defendant having failed to object to questions indicating that the evidence sought to be solicited was inadmissible, objection to the answers was waived, and a motion to strike out the answers came too late, and was properly denied.

ID.—CONVERSATIONS OF FATHER AND MOTHER OF GIRL WITH DEFENDANT —CONFLICTING STATEMENTS—ADMISSION—MOTION TO STRIKE OUT. —Testimony was admissible to show that on the evening of the alleged attempt upon the girl by the defendant he told the mother of the child, who had asked why he had her girl locked in his barber-shop, that the girl had not been in his shop, and to show that, in a separate conversation the same evening with the father, the defendant stated that the girl had been in his shop, but he had done nothing to her, and a motion to strike out such evidence was properly denied.

ID.—INFERENCE OF COMPLAINT OF GIRL—PROOF OF COMPLAINT.—The objection was not tenable to such conversations that there was an inference that the girl had made complaint to her parents, where no language was employed in the conversations in reference to any complaint of the girl; but the defendant could not be prejudiced by any inference that she had made complaint, where evidence went to the jury without objection that prior to the visits of the parents to the defendant the girl had complained of the defendant's treatment of her and that they sought the interview with him for that reason.

ID. — TESTIMONY OF PHYSICIAN — CROSS-EXAMINATION — HYPOTHETICAL QUESTION.—Upon cross-examination of the physician who examined the prosecutrix on the evening of the alleged assault, a hypothetical question, assuming facts not proved, was properly excluded.

ID. — CROSS-EXAMINATION OF DEFENDANT — CONTRADICTORY STATEMENTS ALREADY TESTIFIED TO.—Where the defendant, in his examination

as a witness in his own behalf, denied that he had seen the prosecutrix during the evening of the alleged assault, and explained that he was absent on a stroll prior to and during the time of .its alleged commission, it was proper on cross-examination to show that his statement was untrue, that he was at the door of the shop, locking it, during the time of his alleged absence, and of a conversation then occurring with a witness who had testified to a contradictory statement as to the purpose of his absence, and also to ask if he had not told the girl's father that she was in the shop that evening. The fact that these witnesses had already testified did not affect the right of cross-examination, which was the same as if they had not yet testified, and was independent of their testimony.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

LORIGAN, J.—Defendant, having been convicted of an assault with intent to commit rape upon a girl eleven years of age, moved for a new trial, which was denied, and from such order of denial he appeals.

He first insists that the evidence is insufficient to support the verdict. His counsel contents himself upon this point by simply mentioning it, without undertaking to show in what respect or in what particular it is open to this objection.

We have, however, had occasion to refer to the evidence in examining various errors alleged by appellant to have been committed by the court in admitting and rejecting testimony, and discover no warrant for the claim that such insufficiency exists.

Now, as to these alleged errors. Many objections were interposed by counsel for appellant to questions propounded to witnesses on behalf of the prosecution and overruled by the court, and such rulings are assigned as error. With singular uniformity, however, counsel, except in a few instances, interposed his objections after the answers were given. In no instance does it appear that any of such questions were an-

swered before counsel had an opportunity to object. Under .
such circumstances it needs neither discussion nor citation of
authorities to the proposition that objections and exceptions
so taken are unavailing. A party cannot hazard whether the
reply of a witness to an objectionable question will be favor-
able or unfavorable to him, and when it appears unfavorable
then object to it. He must object when the question is asked
and before the answer is given, and if he does not, he waives
his right to complain of the admission of the testimony under
the answer.

Neither can other alleged errors in the same line be con-
sidered, for the reason that appellant saved no exceptions to
the rulings.

In other instances, having failed to object until after the
answers were given and the objections overruled, counsel
then moved to strike out the evidence, which was denied, and
we think properly.

There are occasions when it is not necessary to object to a
question in advance in order to avail oneself of the right to
move to strike out the answer. This is always true when the
character of the answer is not indicated by the terms or nature
of the question. When, however, the nature of the question
clearly indicates that the evidence sought to be elicited would
under any circumstances be inadmissible, a motion to strike
out is not available, unless a preliminary objection to the
question is made.

On this point it is said in *People* v. *Williams*, 127 Cal. 216,
where the general rule is discussed, that ''When it is apparent
from the question that the answer will contain evidence neces-
sarily inadmissible, then a motion to strike out comes too late,
unless preceded by an objection to the question.''

The instances at bar fall within this latter branch of the
rule. If the questions asked were objectionable for the reasons
assigned by counsel, their objectionable character was plainly
apparent on the face of the questions, and any evidence was
necessarily inadmissible under them, so that a motion to strike
out was not available unless preceded by an objection prop-
erly and duly made to the question. No such objection was
made. As the failure to object to the evidence at the proper
time is a waiver of any objection to its admissibility, so is
in effect the absence of any objection. If an objection taken

after answer is not available to exclude evidence because taken too late, it cannot be made the basis of a motion to strike out the evidence after it is in, where the rule requires an objection properly interposed to precede such motion, as a prerequisite to its exercise. Any other rule would in a great measure do away with the necessity of interposing seasonable objections and enlarge the motion to strike out. The rules of practice relative to interposing objections and exercising the right to move to strike out evidence are so simple and well settled that no difficulty should arise on a trial in properly applying them, and no departure from them should be countenanced or tolerated.

While the appellant is not entitled to have the larger proportion of the alleged errors assigned by him considered, for the reasons above stated, there are some matters, however, properly before us for determination, and we proceed to dispose of them.

The prosecution introduced evidence of conversations had with the defendant and the mother and father of the child a short time after the alleged assault.

The defendant was a barber, and it was claimed that he enticed the girl into his barber-shop about six P. M. of November 28, 1902, locked the door, put out the lights, and detained her about twenty minutes, during which the assault was committed. He then went out, relocked the door of his shop, leaving the girl inside. He reopened the door in a few minutes and let the child out. When released, the girl returned to her home in the immediate vicinity and made complaint to a neighboring woman and to her mother, who then, accompanied by this neighbor, went to see the defendant at his shop. After their interview, and on their way back home, they met the child's father, who was informed by the neighbor of the assault upon the child, and he, accompanied by the rest of them, also went to see the defendant.

As to these conversations the woman who accompanied the mother testified, over defendant's objection, and exception reserved, that when she and the mother went into his shop the mother of the child asked the defendant: "What was you doing with my little girl in here? Why did you have her locked in here?" To which he replied that she had not been in his shop. The witness further stated that she also asked him if

the little girl had been in there, and he said she had not. The father testified that when he reached the shop he asked the defendant if his little girl had been in there, and the defendant said she had been, but he had done nothing to her. Defendant moved to strike out this answer, which was denied.

This is substantially all that was said at these interviews.

Defendant insists that his objection should have been sustained, and his motion to strike out granted, because all this evidence was incompetent for any purpose, and because, further, that this converstion necessarily placed before the jury a part of the details of the complaint made by the child.

We do not think either point is tenable. The evidence of the father was competent as proof of the admission of a fact by the defendant,—a material fact in the case, namely, that the child had been in his shop that evening. And it was, further, proper to show generally, upon the question as to whether she had been in his shop that evening, that defendant had made at the two interviews, practically held about the same time, two conflicting statements on this point. The further statement in the conversation with the father, that he had done the child no harm, was evidence in his favor; its retention as part of the conversation did him no harm. Besides this, the motion to strike out the testimony of the father was directed to the entire conversation, and as that part of it in which defendant admitted that the child was in his shop was competent evidence, the general motion to strike out all the evidence was properly overruled, even if it could be conceded that his declaration that he had done the child no injury was inadmissible evidence.

Nor was the admission of the evidence open to the objection that it brought before the jury part of the details of the complaint made by the child. There was nothing said in these interviews about any complaint made by the child. Neither is there a word of any of the details of such a complaint mentioned. That the child made complaint to her mother and the woman who accompanied her is true; she made none to her father. But neither the fact of such complaint nor the minutest detail of it appeared in these conversations. The defendant was not even accused of any offense. He was simply asked if he had the child in, or locked in his shop. Of course,

it might be argued, because the parents sought the defendant and made inquiries, that the jury would naturally infer that the parents had been informed that he had perpetrated, or that they suspected him of having perpetrated, the alleged assault. This is, however, simply an inference deducible from the fact that they sought him and made inquiries. It does not appear from any language that was employed in the conversation that such complaint had in fact been made to them, because there is not the slightest reference to it. The same inference might be raised had any one else spoken to him— persons to whom the prosecutrix had never mentioned the subject, persons whose inquiries were prompted solely through rumors. The law authorizes proof of the fact that the prosecutrix made complaint to be given in evidence, and such fact may be shown by the testimony of the prosecutrix herself or that of the persons to whom she made complaint, but inhibits the details of the complaint from being shown. This is the rule and its limitation, and the limitation is intended to prohibit the introduction before the jury of testimony which is primarily intended to show the details of such complaint. It is not to be invoked to preclude the admission in evidence of statements made by defendant which are otherwise unobjectionable and pertinent, simply because the inquiries themselves, to which the statements were responsive, might raise some inference that the persons making them had information from the prosecutrix that the defendant had assaulted her, when the inquiries do not show such fact, and when neither the fact of a complaint against him nor any of its details was either mentioned or referred to in the conversation.

We have discussed this matter generally, although we cannot well perceive how the defendant can complain of this inference which he claims the jury might have drawn because evidence went to the jury unchallenged by him, that prior to the visit of the parents to the defendant, the child had complained to her mother and her neighbor of the defendant's treatment of her, designating him as the perpetrator, and it was upon such information that the mother and neighbor went to see him and the detailed conversation was had. The defendant could hardly be injured by the inference of which he complains the jury, from the visits and conversations of these parties, might draw, that the prosecutrix had complained to

them of him as her assailant, when it was clearly in evidence
as a fact before them that she had so complained and that they
sought the interview with him for that reason.

There was no error in sustaining the objection of the prose-
cution to the inquiry of counsel for defendant, addressed to
the physician who had made an examination of the prose-
cutrix on the evening of the alleged assault. The question
propounded was hypothetical, and was sustained on the ground
that it assumed facts not in evidence, and we think the ruling
was correct.

The defendant was called as a witness in his own behalf,
and complains of the action of the court in permitting the
prosecution, over his objection, to cross-examine him upon
matters which it is claimed were not brought out on his exami-
nation in chief.

The defendant on direct examination denied that he had
seen the prosecutrix during the evening of the alleged assault
upon her; that he closed his shop about a quarter to six on
that evening and went out to get some fresh air and a glass of
beer; that he returned about 6:30 and worked until eight
o'clock that evening.

In proving its main case the prosecution had called one
Warnholz as a witness, who testified, among other things, that
about ten minutes past six he went to defendant's shop to be
shaved and found it closed and dark; that he went away, but
lingered around the vicinity, returning several times at differ-
ent intervals, but still found the door locked, until, returning
again, he saw the defendant at the door of his shop locking it.
He told him he had been there several times, to which de-
fendant replied that he had gone to shave some one on the
outside, but had forgotten his razor and returned to get it.
He said he wanted to shave the party, and asked the witness
to wait a while until he returned. The witness went away,
returned in about five minutes, and found the shop open,
lighted, and defendant standing in the doorway. In his di-
rect examination the defendant was asked nothing concerning
Warnholz. On cross-examination he testified, without objec-
tion, that he knew this witness, that he came to his shop at
6:30 in the evening to be shaved; and he was then asked by
the prosecution whether, when Warnholz came, he told him
he had been waiting for him; whether he was locking the

door when he first saw him; whether he had seen him before he lit the gas in his shop; and whether he had told him he came back for a razor. We do not think the limits of cross-examination were transgressed in permitting these inquiries. The defendant had testified that he closed his shop before six o'clock and returned at 6:30. The prosecution was not precluded by his general statement that he was absent from his shop on a stroll during a particular period from cross-examining him on the subject of such absence, in an endeavor to show that his statement on direct examination upon this point was not true; that he was at the door of his shop locking it during the interval when he testified he was absent, and to further show the circumstances under which he was there, with whom he conversed, and his declarations on the subject of his return and departure.

It is of no moment to the discussion that the witness Warnholz had already testified on these points, and that, if the defendant's testimony was different from that of Warnholz, the defendant would be prejudiced by the contradiction.

The prosecution had the right to make these inquiries as legitimate and proper cross-examination, and independent of the testimony of that witness. The fact that Warnholz had theretofore testified to the matters concerning which inquiry was made of the defendant, doubtless impelled the prosecution to ask its questions of him in a different form than it would had such testimony not been given. But that did not affect the right of cross-examination. Had Warnholz not theretofore testified on the subject, the prosecution would still have had the right to inquire of the defendant whether it was not a fact that, instead of being absent during the period to which he referred, he was at his shop a little after six o'clock, met Warnholz there while he was locking his door, and had a conversation with him concerning his absence and the purpose of it, and, if he denied these matters, to call Warnholz to prove them. The circumstance that Warnholz had theretofore testified on the matter only obviated the necessity of subsequently calling him as a witness. For the reasons indicated we are satisfied the cross-examination was proper.

Neither was it error to permit the prosecution to ask the witness, on further cross-examination, if he had not stated to the father of the prosecutrix on the evening of the alleged

assault that she had been in his shop that evening, but that he had not done anything to her. Defendant had testified on direct examination that he had not seen the girl that evening, and it was entirely proper to ask him if he had not made prior statements to the contrary, and prove the fact, if he denied it.

We have discussed all the points urged which are properly presented and which we thought required attention. Several we have not referred to because we do not deem them worthy of a serious consideration.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.