[Crim. No. 3592. Second Dist., Div. Two. July 27, 1942.]

THE PEOPLE, Respondent, v. MANUEL TED BRAZIL, Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of kidnapping after trial before the court without a jury, defendant appeals. There is also a purported appeal from an order denying a motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent), the essential facts are:

Shortly after 2 a. m., September 29, 1941, the prosecuting witness and a gentleman, now her husband, were seated in a parked car. Defendant flashed a light into the car, told them he was a police officer, and that they were under arrest. After questioning the prosecuting witness's escort, defendant told him to get into his own car and drive away. After some discussion, the prosecuting witness's escort complied with defendant's orders. The prosecuting witness then questioned defendant as to whether he was in fact a policeman, since he was not wearing a uniform, whereupon defendant exhibited a gun and told the prosecutrix to get into his car because he was going to take her to a police station. After they had driven a short distance he stated to the prosecutrix that he

would let her go if she "would love him up a little." Thereafter defendant stopped his car and told the prosecutrix to do what he wanted her to do or else he would take her to jail. Defendant then unfastened the zipper on his trousers and exhibited his privates, whereupon the prosecutrix screamed and defendant put his hand over her mouth and stuck a white handkerchief in it. This she removed and screamed again. whereupon defendant put the prosecutrix out of the car and pushed her in front of it where she fell down. Defendant returned to his car and started to drive it toward the prosecutrix. She crawled from in front of the car and fled into a nearby orange grove where she concealed herself until after defendant had driven away.

Defendant urges for reversal of the judgment two propositions which will be stated and answered hereunder seriatim.

■ *First: There is no substantial evidence to sustain the finding of the court that defendant used any force in taking the prosecutrix from one place in the county to another place in the same county. (§ 207, Pen. Code.)*

This proposition is untenable. There was direct testimony of the prosecuting witness as to each and every fact set forth above. From the prosecuting witness's testimony that, when she questioned defendant's authority to take her to jail, he exhibited a gun to her and ordered her to get into his car, the trial court properly found that defendant used force in taking her from one part of the county to another part of the same county. Likewise there is no merit in defendant's contention that the prosecuting witness's testimony was inherently improbable.

*Second: The trial court committed prejudicial error in ruling upon the admissibility of evidence as set forth hereunder:*

■ *(a) While defendant was testifying upon cross examination the following occurred:*

"*Q. And you were not arrested in connection with this case at that time, were you?*

"*A. No, I wasn't.*

"*MR. CASEY: I object to that as being highly prejudicial, incompetent, irrelevant and immaterial.*"

Defendant may not urge error predicated upon the answer to the foregoing question, for the reason that the rule is established in California that where, as in the instant case, the subject matter of a question is objectionable and a party fails to object to the question until after it is answered, he thereby waives his right to complain of the admission of the testi-

mony upon appeal. (*People* v. *Scalamiero,* 143 Cal. 343, 345 [76 Pac. 1098]; Wigmore on Evidence, vol. I, 3d ed. (1940) 323, § 18.)

■ *(b) 1. While defendant's wife, Zillah Brazil, was being cross-examined, this occurred:*

"Q. And did you, in words or substance, state to the officer at that time that, 'I have known for some time that my husband has been drinking, and I have been suspecting him of running around.'?

"MR. CASEY: Just a moment. Objected to as incompetent, irrelevant and immaterial and hearsay."

2. "And that you then asked the officer: 'Who was he with?,' and with reference also to this question did you also say, 'He works for the Downey Patrol,' and that sometimes you didn't see him for days at a time?

"MR. CASEY: Just a moment—·

"A. I didn't say that.

"MR. CASEY: Just a moment. I am going to object to that and move to strike the answer on the ground that counsel stated it was for the purpose of fixing the date. The question has been answered. She admitted she had a conversation with him on or about that date. Now, the substance of that conversation certainly is not material at this time, purely hearsay. The date has been fixed.

"MR. ROLL: No, not the date of the conversation. It is for the purpose of fixing various dates here. She said there was only one occasion, if the Court please, that she knows about, during this time that he was away from home. Now, she told the officer there were several times he was gone and she didn't know where he was. I think it is very permissible and impeachment along this line.

"THE COURT: Objection overruled.

"MR. CASEY: Well, if your Honor please, for the purpose of impeachment and for the purpose of fixing dates, this evidence might be permissible, but for the purpose of prejudicing the rights of the defendant by bringing up other matters, such as the witness has testified to, I don't believe it is proper."

The law is established in this jurisdiction that a witness may be impeached by evidence that he has made at another time inconsistent and contradictory statements regarding a material issue, which statements are in conflict with his testimony at the trial. (*People* v. *Crow,* 48 Cal. App. (2d) 666, 671 [120 P. (2d) 686].) In the present case the witness, de-

fendant's wife, had testified in support of defendant's alibi that he had been away from home at night only on one occasion during the months of September, October, and November. The foregoing questions were properly asked for the purpose of laying a foundation for the impeachment of the witness pursuant to the provisions of section 2052, Code of Civil Procedure.

(c) *During the examination of the witness Jackson the following occurred:*

"Q. *And did she referring to the witness Zillah Brazil at that time, tell you that her husband had been drinking considerably in the past few weeks and would stay away from home two or three days at a time at different intervals?*

"A. *Yes, sir.*

"MR. CASEY: *Just a moment. I am going to object to that and move that the answer be stricken as incompetent, irrelevant and immaterial and hearsay, not made in the presence of the defendant, and highly prejudicial to him.*

"MR. ROLL: *For impeachment.*

"THE COURT: *The motion is denied and the objection overruled.*"

(d) *During the examination of witness Staebler the following took place:*

"Q. *And directing your attention to that time, did the wife of the defendant in words or substance state to you as follows: 'I have known for some time that my husband has been drinking and I have suspected him of running around. Who was he with?,' and also did she say, 'He works at the Downey Patrol, and sometimes I do not see him for days at a time.'? Did she say that in words or substance to you?*

"MR. CASEY: *Just a moment, please. We object to that as incompetent, irrelevant and immaterial and as purely hearsay. There is no evidence that the defendant was present at that time.*

"THE COURT: *Well, it is not offered for anything more than impeachment purposes as to the particular witness on the stand.*

"MR. ROLL: *That is correct, your Honor.*

"THE COURT: *And we are not trying him for any misconduct, if there was any, other than the matter here charged.*

"MR. CASEY: *I appreciate that, your Honor. I understand that all of these questions are perhaps more or less to show a chain of events, to identify the dates, but peculiarly*

*enough they carry with them the stigma of some other incident.*

*"THE COURT: That is true, but of course there is a rule that where, in the examination of any witness concerning a matter in hand, other matters, even other crimes may be brought in; if the matter in hand is material to the cause on trial, why the mere fact that other crimes may be actually proven is not sufficient to exclude it.*

*"MR. CASEY: Very well.*

*"Q. BY MR. ROLL: You may answer the question. Did that conversation occur in words or substance?*

*A. "The words were not exactly the same, but the substance is correct."*

Both of the foregoing rulings were correct, as the testimony tended to impeach the witness Zillah ·Brazil who had testified that defendant had only on one occasion during the months of September, October, and November been away from home at night.

█ We need not consider defendant's strictures upon the admission of certain other testimony of the witness Staebler on the ground that it was hearsay testimony, for the rule is established in California that, where, as in the instant case, hearsay evidence is admitted and there is neither an objection to it nor a motion to strike the same, such objectionable feature of the testimony is waived and may not be raised for the first time on appeal. (*People* v. *Guiterez*, 126 Cal. App. 526, 530 [14 P. (2d) 838] ; *People* v. *Magusin*, 120 Cal. App. 115, 117 [7 P. (2d) 764].) The record in the present case discloses that a motion for a new trial was not made and obviously no action could have been taken with reference thereto. Therefore defendant's purported appeal from an order denying a new trial is dismissed.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.