[Crim. No. 5751. Second Dist., Div. Three. Jan. 24, 1957.]

THE PEOPLE, Respondent, v. MILFORD JAY PERKINS, Appellant.

Forno & Umann, Harry M. Umann, Joseph T. Forno and Burton Marks for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

VALLÉE, J.—By information defendant was charged with a violation of section 288 of the Penal Code.[1] In a trial by the court without a jury he was convicted of contributing to the delinquency of a minor, a violation of section 702 of the Welfare and Institutions Code.[2] The cause was submitted

---

[1]Section 288: "Any person who shall wilfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in part one of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the State prison for a term of from one year to life."

[2]Welfare and Institutions Code, section 702: "Any person who commits any act or omits the performance of any duty, which act or

on the transcript of the preliminary examination and evidence presented by defendant.

Janice, a 7-year-old girl, testified that on August 15, 1955, while she was in defendant's car, he put his hand under her dress; he put it on top of her panties and not under them; when he did so, he in effect told her that when girls grow up men have sexual intercourse with them; he also touched her leg on the lower part above the knee and touched her with his little finger on the place where she went to the bathroom; he also kissed her. Defendant admitted to a police officer that he had put his hand on Janice's leg and that he had kissed her once.

The only contention is that "In light of the acquittal of the defendant of the charge of child molesting, there is no evidence to sustain a conviction of the charge of contributing to the delinquency of a minor."

The offense of contributing to the delinquency of a minor is necessarily included in the offense defined in section 288 of the Penal Code, and a conviction of contributing to the delinquency of a minor is an acquittal of a violation of section 288. (*People* v. *Greer,* 30 Cal.2d 589, 598 [184 P.2d 512].) In *People* v. *Lopez,* 46 Cal.App.2d 857 [117 P.2d 15], cited with apparent approval in *People* v. *Greer, supra,* the defendant was charged with aiding and abetting her codefendant in the commission of statutory rape. The question as stated by the court was: "Where a defendant is charged in one count with the violation of section 261 of the Penal Code, can such defendant be found guilty of contributing to the delinquency of a minor (section 702, Welfare and Institutions Code), a misdemeanor, where no such crime is charged or alleged in the information or complaint?" The court held (p. 858):

"The minor prosecutrix testified that her clothing was removed against her will by appellant and that appellant then placed said minor on the bed and held her down while the act of intercourse was accomplished. . . .

---

omission causes or tends to cause or encourage any person under the age of 21 years to come within the provisions of any of the subdivisions of Section 700 or which act or omission contributes thereto, . . . is guilty of a misdemeanor. . . .''

Welfare and Institutions Code, section 700: ''The jurisdiction of the juvenile court extends to any person under the age of 21 years who comes within any of the following descriptions: . . .

''(k) Who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd, or immoral life.''

"There was sufficient evidence introduced to justify the trial court in finding appellant guilty as charged in the information. However, it is apparent that the trial judge discounted a great deal of the testimony and disbelieved some portions of it, but the evidence was sufficient to support his finding that appellant committed the offense of which he found her guilty.

"The only question raised which is worthy of discussion is, whether the court was justified as a matter of law in rendering the judgment which it did. There is some slight conflict in the decisions as to the law on this subject, but it is the better rule to hold that, where the acts committed tended to show the commission of the acts charged and where such acts in themselves actually constituted the lesser offense, i.e., contributing to the delinquency of the minor, a conviction had of the lesser offense should be sustained. The judgment rendered would prevent the retrial of appellant upon the original charge, for the reason that it amounted to an acquittal of the greater crime, to-wit: aiding and abetting in the commission of the crime of statutory rape, which is a felony, while the lesser offense, of which appellant was found guilty, is a misdemeanor."

In *Rodriguez* v. *Superior Court,* 27 Cal.2d 500 [165 P.2d 1], the same contention was made as defendant makes here. The court answered (p. 502):

"While it is true that acts constituting statutory rape or attempted rape may also constitute a violation of section 702, since those acts by their very nature would contribute to the delinquency of the minor, the converse is not true. The facts may fail to establish rape or attempted rape yet justify a conviction under section 702. Consequently, petitioner's acquittal under the first count of the information is not a bar to his prosecution and conviction under the second count.

"Petitioner also claims that not only is the occurrence underlying the rape charge identical with that relied upon to support the accusation under section 702, but that the proof in support of the two charges is the same. He says that he would be guilty of rape if the things the prosecutrix testified to actually occurred, but that if her story is untrue he is not guilty of any offense. Petitioner argues that his acquittal of rape and of the included offense of attempted rape establishes the falsity of her testimony, and that he cannot be retried upon evidence which was addressed to the charge of which he stands acquitted. There is no merit in this contention. The jury may reject a portion of the testimony of a

witness and accept a part of it. The testimony accepted by the jury may support a conviction of one offense, while another charge contained in the same information may fail because the jury has rejected evidence necessary to establish an essential element of the crime.''

In *People* v. *Greer, supra,* 30 Cal.2d 589, the defendant was charged with statutory rape (Pen. Code, § 261, subd. 1), and lewd and lascivious conduct (Pen. Code, § 288) arising out of the same act. In a previous trial he was charged not only with these identical offenses but also with contributing to the delinquency of a minor, the same person on whom the rape and lewd and lascivious conduct were alleged to have been committed. (Welf. & Inst. Code, § 702.) In that trial he was found guilty of violating section 702, but the jury disagreed as to the counts of statutory rape and lewd and lascivious conduct. The court observed: ''In the first trial, therefore, it was not necessary for the district attorney to charge a violation of section 702 to obtain a conviction of defendant for committing that offense. He could have charged statutory rape and lewd and lascivious conduct, and the jury, under proper instructions, could have returned a verdict of guilty of contributing to the delinquency of a minor,'' citing *People* v. *Lopez, supra,* 46 Cal.App.2d 857.

In the case at bar there was sufficient evidence introduced to have warranted the trial judge in finding defendant guilty as charged in the information. To establish a violation of section 288 there must be proof of a specific intent to arouse, appeal to, or gratify the lust or passions or sexual desires of the defendant or of the child. (*People* v. *Jones,* 42 Cal.2d 219, 223 [266 P.2d 38].) Proof of such specific intent is not necessary to establish the commission of the offense commonly called contributing to the delinquency of a minor. It is apparent the trial judge discounted some parts of the testimony of Janice. He may have had a reasonable doubt that defendant had the specific intent required by section 288. The evidence was adequate to support his finding that defendant committed the offense of which he found him guilty.

 Defendant's acquittal of a violation of section 288 of the Penal Code is not a bar to his conviction of contributing to the delinquency of a minor.

 Defendant appealed from the judgment and the sentence imposed. The judgment in a criminal action is the sentence. (*People* v. *Tokich,* 128 Cal.App.2d 515, 519 [275

P.2d 816]. See also *People* v. *Clarke,* 146 Cal.App.2d Supp. 904 [304 P.2d 271].) Affirmance of the judgment carries with it affirmance of the sentence.

The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.