[Crim. No. 6594. Second Dist., Div. Three. Sept. 22, 1959.]

THE PEOPLE, Respondent, v. JOHN LEWIS HOWARD et al., Defendants; ARTHUR DECATUR, Appellant.

Harry E. Weiss for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Arthur Decatur, John Howard, Allenea Howard (also known as Bobby Decatur), and Lonnie Wilson were accused of forgery. John Howard and Allenea Howard pleaded guilty. In a nonjury trial Decatur and Wilson were adjudged guilty. No finding was made regarding allegations in the information that Decatur had been twice convicted of burglary. He had denied those allegations, and the prosecution had introduced evidence in support of the allegations. Decatur was sentenced to imprisonment in the county jail for one year. He appeals from the sentence.

Appellant contends that the judgment should be reversed because certain evidence was obtained by illegal search and seizure. The evidence so referred to consisted of a check protector, a card, and four checks, which articles were taken by the officers from the apartment where appellant was arrested.

Richard Culley, the secretary and treasurer of the Alco Plating Corporation, testified that in January, 1958, between noon and 1 p. m. on a Wednesday, two men came to his office and asked him questions regarding another plating company in the area; at that time he had two checkbooks of the corporation out (apparently on a desk) where he had been looking at the books, but he had put them aside temporarily while he was attending other matters; the Security-First National Bank book was on top of the Bank of America book; after the men left the office, the witness noticed that the Security checkbook was sitting at an angle which was not the way the witness had placed it; the witness looked in the back of the Security book to see if any checks were missing; he found that seven pages consisting of 21 checks were missing; he gave a police report on that day and stopped payment on the checks; he could identify the appellant as one of the two men; the check, referred to as Exhibit 1, was a check that was missing from his checkbook; the name appearing on that check, as the name of the person who drew the check for the corpora-

tion, was his name, but the signature was not his signature and he did not give anyone permission to sign his name thereon.

Mr. Nigma, an employee of a food market at 3029 South Vermont Avenue in Los Angeles, testified that on January 27, 1958, at 6:30 p. m., he was called to the "check okay desk" of the market and was asked to "okay" a check (Exhibit 1) bearing the printed name Alco Plating Corporation and the written name Dick Cully (as drawer), and payable to Lord Kent Bradshaw in the amount of $86.42, which amount was written by a check writer; at that time he observed defendant John Howard, who presented a driver's license bearing the name Lord Kent Bradshaw; then the witness called the police station and asked that officers be sent to the market.

Officer Jobe went into the market on January 27, 1958, about 7:15 p. m., and arrested defendant John Howard. The officer asked Howard where he got the check (Exhibit 1). Howard replied that defendant Wilson had said that he knew where Howard could make some money; thereafter they went to Wilson's home where Wilson called a fellow by the name of "Art"; later, "Art" and a woman came to Wilson's home; Art produced the check and said that if Howard would cash it at the market he would give Howard $20; that Art gave him a driver's license bearing the name Lord Kent Bradshaw which was to be used as identification to cash the check. Howard also told the officer that Wilson and the woman (who had come to Wilson's home with Art) had brought Howard to the market in an automobile, and they (Wilson and woman) were waiting outside the market for him to return with the money.

When Officer Jobe arrived at the market he observed that an automobile, which had been parked near the market, was being driven away. He noticed the license plate at that time. After the officer had had the conversation with Howard in the market, and while the officer was traveling in the police car near 45th Street and Vermont Avenue, he saw the automobile which had been parked near the market. He stopped that automobile and found that the persons in it were defendants Wilson and Allenea Howard (the person referred to as the woman who had come to Wilson's home with Art). The officer arrested Wilson, who then made a statement to the officer that was similar to the statement which John Howard had made regarding the check. Wilson also told the officer, in the presence of Allenea Howard, that he and Allenea had driven to the market with John Howard, and John had gone

into the market to cash the check, and that Allenea had several other checks in an envelope. Wilson also said that when they saw that Officer Jobe and his fellow officer had arrested John, they (Wilson and Allenea) drove away and Allenea burned the checks which she had in the envelope. Allenea Howard told the officer that she did not know anything about the check, she had gone to the market with Wilson, and she knew a fellow by the name of Art but she would not tell anything about him.

Officer Jobe testified that he found a telephone book in Wilson's wallet at the time he arrested Wilson; in the book he found the name of "Arthur" or "Art" and a telephone number; he (officer) telephoned the business office of the police department and gave said telephone number to an officer there; later Officer Hickey telephoned Officer Jobe and said that the telephone number (taken from Wilson's book) was listed "to Arthur Decatur" at 4026 Exposition Boulevard in apartment 2. Officer Jobe received that information about 11:30 p. m. on January 27, 1958, and he went to said address about 25 minutes thereafter. He knocked on the door of the apartment, and a man's voice from within asked, "Who is it?" The officer replied, "Willie." The door was opened 2 or 3 inches, and appellant Arthur Decatur looked out the door. The officer showed his badge and said, "I am a police officer, you are under arrest." Appellant slammed the door and locked it. Then the officer entered the apartment and arrested the appellant. The officer searched the place and found a check writer (Exhibit 2) in a locked suitcase which was in a closet. The appellant had the key to the suitcase in his pocket, and the officer used that key to open the suitcase. The officer also found, in the apartment, a card (Exhibit 3) bearing the name "Alco Plating Corporation," a telephone number and an address, and the name "Dick Culley, Secretary-Treasurer." He also found therein four checks (Exhibit 4) bearing the name "Gladman's Furniture Exchange." Also, he found therein seven operators' licenses each bearing a different name. He also found numerous other identification cards, such as P. T. A. and social security cards, each of which bore a different name. He found a rubber date stamp, a stamping pad, and a pen. Many articles of men's clothing were in the apartment.

Officer Jobe was accompanied by another officer. Neither officer had a warrant of arrest or a search warrant.

When the exhibits were offered in evidence, appellant ob-

jected to the offer on the ground that they had been obtained by illegal search and seizure. The objection was overruled.

Defendant Allenea Howard testified that she used the name Bobbie Decatur because she was going "steady" with the brother of appellant; she had pleaded guilty to the charge of forgery; she lived at the apartment where appellant was arrested, and at one time she lived there with appellant's brother, but appellant never lived there; appellant did not have a part in any scheme involving the forging of any checks; the articles found in the apartment, such as the check writer, were brought there by one "Scott"; the clothes in the apartment belonged to appellant's brother.

Defendant Wilson testified that appellant never gave any checks to him for the purpose of having them cashed; he (witness) was outside the market but he did not know why John Howard had gone into the market.

Appellant did not testify.

As above indicated, appellant argues to the effect that the officers did not have probable cause to arrest appellant or to search the apartment. Officer Jobe and an officer who accompanied him received information from defendants John Howard and Wilson, at the times those defendants were arrested, that a man by the name of Arthur or Art had written the forged check which Howard had presented to the market employee. They also received information from those defendants to the effect that Art had other checks which he might deliver to Howard for cashing. The officers had obtained from Wilson a telephone book which contained the name Arthur or Art and a telephone number which apparently was the telephone number of that person. The officers made an investigation of the telephone number through the business office of the police department, and they ascertained the location of the telephone to which that number had been assigned. When the officer knocked on the door of the apartment at that address, a man opened the door about 3 inches. Then the officer showed his badge and said he was a police officer and that the man was under arrest. Immediately thereafter, the man slammed and locked the door. Under such circumstances the act of the man in slamming and locking the door indicated that the man was fleeing from and attempting to prevent the officer from apprehending him. The information which the officer had received and the conduct of the appellant in the presence of the officer constituted probable cause to arrest appellant. The search was an incident of a

lawful arrest. The contention that the articles taken by the officers from the apartment were obtained by illegal search and seizure is not sustainable.

 The evidence was sufficient to support the judgment. Mr. Culley, the secretary and treasurer of the Alco Plating Corporation, identified appellant as one of the men who came to his office. The card of that corporation bearing the name of Mr. Culley was found in the apartment where appellant was arrested. The check which was presented at the market for cashing was a check that was taken from the office of the corporation, and the amount of the check was written with a check writer. A check writer was in the apartment. The defendant did not testify.

As above stated the notice of appeal states that the appeal is from the sentence. Appellant's brief states that the appeal is from the judgment (and the order denying the motion for a new trial). It will be assumed that the appeal is from the judgment and sentence. Affirmance of the judgment carries with it affirmance of the sentence. (*People* v. *Perkins,* 147 Cal.App.2d 793, 798 [305 P.2d 932].)

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.