[Crim. No. 6766.   Second Dist., Div. Two.   Feb. 17, 1960.]

THE PEOPLE, Respondent, v. SARAH CRUZ et al., Defendants; TONY RASHICH, Appellant.

Bradford A. Arthur for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

FOX, P. J.—Appellant and one Sarah Cruz were indicted for selling heroin. A jury found him guilty. He has appealed from the judgment and sentence and the order denying a new trial.

In the late afternoon of June 26, 1958, Officer Ortiz, of the Los Angeles Police Department, who was posing as a narcotics dealer, drove to the home of Mrs. Cruz, in company with Eddie Rodriguez, a police contact. Upon picking up Mrs. Cruz, they drove to the intersection of Mission Road and Macy Street, in Los Angeles, where Mrs. Cruz left the car for a brief period and returned with appellant. They both entered the car and appellant directed Ortiz to take the freeway. During the drive Ortiz asked appellant if the stuff could be cut again, i.e., mixed with something else. Appellant replied that he did not know, that the stuff had already been cut once. With appellant directing the way, Ortiz turned off the freeway and continued to Valley Boulevard. In the meantime appellant told Mrs. Cruz to have Ortiz "count out the bread" (meaning money). Thereupon, Ortiz handed Mrs. Cruz $275. She, in turn, handed it to appellant, who counted it. Appellant left the car on Valley Boulevard and told the occupants to meet him at Atlantic and Valley in about half an hour. Ortiz observed appellant enter a drug store. At approximately 7:20 p.m. Ortiz saw appellant across the street from where he had parked. He whistled at appellant, who signaled for him to wait. A few minutes later appellant approached the car and stated that he had to hide the stuff because he saw a cop drive by. Mrs. Cruz got out of the car and told Ortiz that she and appellant would meet him in a few minutes in front of a nearby gas station. Ortiz waited at the designated place until Mrs. Cruz called to him. She gave him two paper towels in which was a rubber container with a white powdery substance in it that proved to be heroin.

Mrs. Cruz pleaded guilty to selling narcotics. She insisted that appellant was an innocent bystander whose only interest was to get a ride to the other side of the city. Mrs. Cruz testified that she received the $275 from Rodriguez and not from Ortiz. She also stated that she put the money in her purse and did not give it to appellant. She did say that appellant left the Ortiz car on Valley Boulevard, but this was for the purpose of calling a cab to take them on to their destination. She claimed that she, alone, had gotten the heroin from a hiding place among some weeds on a vacant lot.

Appellant denied any part in this narcotic transaction.

In seeking a reversal appellant makes three contentions: (1) the trial court erred in allowing the prosecution to cross-examine Mrs. Cruz on matters not covered on direct examination; (2) the prosecutor was guilty of misconduct in the introduction of hearsay evidence on rebuttal; and (3) the trial court failed to pass upon the sufficiency of the evidence in ruling on the motion for a new trial. We find no merit in any of these contentions.

With respect to appellant's complaint about the broad scope of Mrs. Cruz' cross-examination, he seems to argue that through this technique the People were able to get hearsay evidence of his guilt before the jury without the right of cross-examination of the person who assertedly made such statements. The setting for this problem was the automobile trip that Mrs. Cruz made with Officer Ortiz and Rodriguez to pick up the heroin. Appellant misconceives the state of the record. After appellant made his objection as to the scope of the cross-examination of Mrs. Cruz she did not admit taking part in any conversation on this trip that in any way implicated appellant in this offense. Hence these asserted hearsay statements did not become evidence against appellant through the cross-examination of Mrs. Cruz. She took full responsibility for the sale and completely exonerated appellant.

In this connection it is appropriate to observe that a wide latitude should be allowed on cross-examination. The court clearly did not abuse its discretion in this respect. Appellant was not prejudiced by the scope of the cross-examination of Mrs. Cruz.

Much of the testimony about which appellant complains was elicited before any objection was interposed. As to such evidence appellant is obviously in no position on appeal to urge error. (*People* v. *Millum,* 42 Cal.2d 524, 526, 528 [267 P.2d 1039].)

Appellant's charge that the district attorney was guilty of misconduct in the introduction of hearsay evidence on rebuttal is based on certain testimony of Mrs. Cruz and the rebuttal testimony of Sergeant Logue. Throughout her testimony, both on direct and cross-examination, Mrs. Cruz steadfastly denied that appellant had any connection whatever with the narcotic sale here involved. However, when interrogated by Sergeant Logue soon after the arrest at the Police Administration Building, she told quite a different story. Near the conclusion of her cross-examination the prosecutor proceeded to lay a foundation for impeachment based upon

those prior inconsistent statements. She was asked whether she recalled a conversation with Sergeant Logue at the Police Administration Building, July 25, 1958 (the date of the sale). She said that she did. Then she was asked whether on that occasion she made certain statements to Sergeant Logue concerning appellant's part in the narcotic sale. She denied making any statement that connected appellant with the transaction.

Sergeant Logue was called to the stand on rebuttal and testified that Mrs. Cruz made each of the statements, which she had denied making to him, at the time and place in question.

There can be no question that the subject matter of this impeachment was material because the question of whether appellant was a participant in this transaction, or merely a bystander, was the major issue to be decided by the jury.

The law is clear that a witness may be impeached by evidence that he has made at another time inconsistent and contradictory statements regarding a material issue, which statements are in conflict with his testimony on the witness stand. (*People* v. *Brazil,* 53 Cal.App.2d 596, 599 [128 P.2d 204]; *People* v. *McCoy,* 25 Cal.2d 177, 186 [153 P.2d 315].)

Although the statements of Mrs. Cruz would have been hearsay on the question of appellant's guilt and therefore inadmissible on that issue, they were, nevertheless, properly admitted for the purpose of impeachment.

"The rule is well settled that if evidence is admissible for any purpose it must be received, even though it might be highly improper for another purpose." (*Daggett* v. *Atchison, T. & S. F. Ry. Co.,* 48 Cal.2d 655, 665 [313 P.2d 557].)

Appellant's contention that the court failed to pass upon the sufficiency of the evidence in ruling on his motion for a new trial is based on the circumstance that in announcing his ruling on said motion the judge did not specifically mention the sufficiency of the evidence. Because of this omission, appellant concludes that the judge inadvertently failed to consider the sufficiency of the evidence. This, of course, is mere speculation and conjecture. There is no requirement that he should discuss or even mention all or any of the matters considered in arriving at his decision to deny the motion. All he needed to do was to announce his ruling. Before doing this, however, the judge commented (1) that he had *read* the transcript, (2) that the case was *fairly* tried, and (3) that there were no errors prejudical to the *substantial*

*rights* of the defendant. The fact that the judge had read the transcript indicates he had the evidence in mind. He concluded that the appellant had had a fair trial and that his substantial rights had not been prejudiced. Implicit in these conclusions is the determination that the evidence was in the judge's opinion sufficient to justify the verdict and judgment. Otherwise, the judge could not have concluded that appellant had had a fair trial and that none of his substantial rights had been prejudiced. Furthermore, the presumption is that official duty has been performed properly. (Code Civ. Proc., § 1963, subd. 15.) Thus, both from the face of the record and by way of presumption, it is apparent that there is no merit in appellant's argument.

The judgment and sentence, which are one and the same (*People* v. *Perkins,* 147 Cal.App.2d 793, 797-798 [305 P.2d 932]), and the order denying a new trial are affirmed.

Ashburn, J., and Herndon, J., concurred.