[Crim. No. 7073.   Second Dist., Div. One.   Oct. 17, 1960.]

THE PEOPLE, Respondent, v. LEONARD Z. ALANIZ, Appellant.

Harry E. Weiss and Russell E. Parsons for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

WOOD, P. J.—Defendant was accused, in three counts, of unlawfully selling marijuana. The information also alleged that defendant had been convicted in 1951 and 1954 of violating section 11500 of the Health and Safety Code, a felony, and he had served a term in state prison for each prior conviction. He denied those allegations. Trial by jury was waived. He was convicted on the three counts, and the court found that the allegations of prior convictions were true. Defendant appeals from the judgment and sentence.

Appellant contends (1) that he was denied a fair trial "when the People refused to reveal the name of the informer," and when the court overruled defendant's motion to suppress evidence; and (2) he was denied a fair trial when the court disregarded his motion "for the production of an important witness for the defense."

Officer Pulliam testified that on March 4, 1959, about 10:20 a.m., while he was driving an automobile on 23d Street in Los Angeles, he saw defendant walking on that street; the witness parked the automobile and called the defendant; when defendant came to the automobile, the witness said, "Can I do anything today?" and "I want a half pound"; defendant said he thought he could handle that; then defendant entered the automobile and told the witness to drive around the block; while they were traveling defendant said that he had a lot of stuff but did not have enough customers; defendant asked the witness if he had the money, $45; when he replied that he had the money, the defendant said, "Wait here"; then defendant got out of the automobile and went away; about 15 minutes later, as defendant was returning to the automobile, he was carrying a jacket on his arm; he entered the automobile, took a brown paper bag out of a sleeve of the jacket, and handed the sack to the witness who then gave $45 to him; then defendant got out of the automobile and went away.

The officer testified further that on March 6, 1959, about 10:20 a.m., while he was in his automobile which was parked at the same place it was parked on March 4 (when he had a transaction with defendant), the defendant entered the automobile and said, "All I have left is about a pound and a half";

the witness said, "I was thinking about a pound"; the defendant said the price was $80; then the witness handed $80 to defendant, who got out of the automobile and said that he would be back in a few minutes; about 15 minutes later, when defendant returned to the automobile he had a jacket on his arm; defendant took a brown paper sack from each sleeve of the jacket, and handed the sacks to the witness; then the defendant went away.

The officer testified further that on April 14, 1959, about noon, he saw defendant on 23d Street in Los Angeles (near place he had seen defendant on March 4 and 6), and the witness asked defendant if he (witness) could do anything; defendant said, "All I have is about a pound and three-quarters. It's all canned up"; in reply to a question by the witness, the defendant said the price per can was $12; defendant told the witness to meet him around the corner "at the same place"; about three minutes later, they met at a street corner (where they had met on the previous occasions); defendant handed a paper sack to the witness, and the witness paid him $12; then the witness went away.

It was stipulated that a chemist would testify that the substance in the paper sacks above referred to was marijuana.

Officer Pulliam testified further that after said April 14th he and Officer Wells had a conversation with defendant; Officer Wells asked defendant where he got the stuff that he had sold; he replied that he got it from a friend but he did not know the friend's name; defendant said he sold the marijuana because he had to eat, he needed the money, and he could not get a job.

On cross-examination, Officer Pulliam said that he had purchased one-half pound of marijuana from defendant prior to said March 4, namely, on February 28, 1959; and that he had not seen defendant prior to said February 28. Thereupon counsel for defendant asked: "Where did this transaction take place?" The deputy district attorney's objection thereto, on the ground that it was immaterial, was sustained. Counsel for defendant asked: "Was anyone else present at that transaction on February 28th?" The witness answered in the affirmative. Counsel for defendant asked: "Who else was present, officer?" He replied, "Tony Cota." Counsel for defendant asked: "Is he also a Narcotic Agent?" He replied in the affirmative. Counsel for defendant asked: "On February 28, when you were present with Tony Cota, was it Tony Cota that introduced you to this defendant?" He replied in

the affirmative. Then counsel for defendant said: "I don't have any further questions of this witness." Thereupon the deputy district attorney offered in evidence the exhibits which had been marked for identification, namely, the paper sacks containing marijuana. No objection was made thereto, and those articles were received in evidence. Then the deputy said, "People rest, your Honor." Counsel for defendant said: "There is no defense, your Honor, other than this: in this case, I was not the attorney at the trial date, but Mr. Cavanaugh is ill, had a possible defense here other than this People versus Guerrera where the arrest took place on the basis of evidence from a confidential informer or an anonymous informer. Your Honor, in this case, the defendant will not testify, but I would like to have this Tony Cota testify *if he is present.*" (Italics added.) The judge said: "Well, do you want to call him if he is present?" The deputy district attorney said: "He is not present, to my understanding, your Honor, but I will object to it as not being material. That is not one of the transactions in issue in this case." The judge said: "All right, he is not present. Defense rests?" Counsel for defendant said: "No, I will object to the introduction of the evidence, your Honor, that the prosecution introduced on this basis: that the cases hold if an arrest took place on the basis of information received from an anonymous informer, the defendant is entitled to be confronted with the particular informer. In this case the prosecution has not done that." The objection was overruled. The deputy district attorney said that there would be no rebuttal evidence. The judge said: "Defense rests, now?" There was no response by defendant to that question. The deputy waived opening argument. The judge asked counsel for defendant if he wanted to make a statement. He replied: "None other than what I have made." The minutes of the court show that "Both sides rest." The judge said: "The court finds the defendant guilty as charged on Counts 1, 2, 3." The judge also said: "I would like to have a stipulation as to the truth or falsity of the priors may be considered at the time of the determination of the application for probation and sentence." The deputy said: "People will so rest and we would also like to have marked—on the question of priors and admitted into evidence." The judge said: "Has counsel seen them? A stipulation as to identity?" Counsel for defendant said: "Yes, your Honor." The judge said: "All right, they will be marked People's next in order. People's 4."

As above shown, appellant contends that he was

denied a fair trial "when the People refused to reveal the name of the informer." He asserts in his brief that on cross-examination of Officer Pulliam the defendant "brought out" a prior alleged transaction on February 28 "in the presence of two other persons, Narcotics Agent Tony Cota *and the alleged informer.*" The record does not sustain appellant's assertion that the transaction of February occurred in the presence of two other persons, Tony Cota and the alleged informer. The testimony of Officer Pulliam is set forth hereinabove. When he was asked who else was present on that day, he replied, "Tony Cota." He also said that Tony Cota introduced him to defendant. He did not say that any other person was present. There was no evidence that there was an informer. Another incorrect assertion in appellant's brief is that "The court, after allowing the witness [Officer Pulliam] to answer questions in relation to the prior transaction, overruled the defense demand for the name of the informant." As above shown, when defendant asked who else was present, the witness answered, "Tony Cota." The deputy district attorney's objection to that question was overruled. The court did not overrule "the defense demand for the name of the informant." Defendant did not ask whether there was an informant, nor ask the name of an informant, and, as above stated, there was no evidence that there was an informer. The only objection which was sustained, with reference to the February 28th transaction, was the deputy's objection to the question, "Where did this transaction take place?" The objection was sustained on the ground that the question was immaterial. The sustaining of that objection was not a denial of a demand for the name of an informant. Immediately after the officer said that Tony Cota had introduced him to the defendant, the counsel for defendant said that he did not "have any further questions from this witness." The record does not show that the People refused to reveal the name of an informer. The record shows, with respect to the charges herein, that the officer purchased marijuana from defendant on three occasions while defendant was on a public street. There was no evidence of a search or seizure or trespass of any kind. The evidence indicates that the sales were made voluntarily. No question of identity of the seller was raised. Defendant did not testify or call a witness on his behalf. It thus appears that there is no merit to appellant's contention to the effect that he was denied a fair trial because the name of an alleged informer was not disclosed.

It seems that another contention of appellant is that he was entitled ''to be confronted with the particular informer,'' and that the prosecution should have produced the person so referred to. Such a contention is not made specifically in appellant's brief, but he refers therein to his arguments or alleged objections, made at the trial, wherein he impliedly makes such a contention. At the trial, when counsel for defendant was objecting to the prosecution's offer of the marijuana in evidence, he said that ''the defendant is entitled to be confronted with the particular informer. In this case the prosecution has not done that.'' ▊ Preceding that statement, counsel for defendant had said that the defendant would not testify, but ''I would like to have this Tony Cota testify if he is present.'' Tony Cota was not present, and it does not appear that defendant did anything to obtain him as a witness. As above shown, in response to an inquiry by defendant, the prosecution disclosed that Tony Cota was present at the prior transaction in February. The prosecution was not required to produce Tony Cota as a witness. (See *People* v. *Smith,* 174 Cal.App.2d 129, 133 [344 P.2d 435].)

Another contention of appellant is that he was denied a fair trial when the court ''overruled his motion'' to suppress evidence. Apparently this contention is based upon appellant's assertion, above referred to, that the prosecution refused to reveal the name of the informer. The discussion hereinabove relative to such assertion is applicable here. The court did not err in receiving the marijuana in evidence.

Appellant also contends that he was denied a fair trial when the court disregarded (allegedly) his motion ''for the production of an important witness for the defense.'' Apparently the witness so referred to is Tony Cota. It does not appear that appellant expressly made such a motion. The discussion hereinabove relative to Tony Cota is applicable here. This contention is not sustainable.

The appellant was not denied a fair trial. The evidence supports the judgment.

▊ Affirmance of the judgment carries with it affirmance of the sentence. (*People* v. *Perkins,* 147 Cal.App.2d 793 [305 P.2d 932].)

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.