[Crim. No. 7539. Second Dist., Div. Two. July 10, 1961.]

THE PEOPLE, Respondent, v. JESSE LOPEZ AVELAR, Appellant.

*Assigned by Chairman of Judicial Council.

632

John F. Sheffield and Richard F. Bird for Appellant.

Stanley Mosk, Attorney General, and Herbert Davis, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was convicted by the court, sitting without a jury, of violating Penal Code section 261, subdivision 1, statutory rape.

The prosecuting witness testified that she was 17 years of age; as to the date of her birth; that she was not married to the defendant, and that she had had two acts of sexual intercourse with the defendant prior to her 17th birthday. She further testified that these acts were two or three weeks apart, and occurred in the defendant's room in the afternoon during August 1959, some time after the fourth of the month.*

---

*It appears that at the preliminary hearing the complaining witness, indicated one of the acts took place around August 21st, at about 4 o'clock in the afternoon. The information charged only one act, "on or about the 21st day of August, 1959."

Mrs. Herrera, who was the next witness, testified that she was the mother of the complaining witness, as to the girl's age, and when she was born. On cross-examination Mrs. Herrera was asked:

Q. "Now, do you remember when your daughter reported this incident that she testified to, to the police department . . ." This was objected to as beyond the scope of the direct examination. The objection was sustained.

Counsel for the defense thereupon called the mother, Mrs. Herrera, as his own witness. The following then transpired:

Q. "Mrs. Herrera, you and Mr. Avelar [the defendant] were co-owners of a 1956 Mercury automobile; is that right? A. That's right. . . .

Q. "Now, do you recall going to the home of Mrs. Frances Ortiz about the time that Mr. Avelar [the defendant] was arrested by the immigration authorities? A. Yes.

Q. "And she had the possession of this 1956 Mercury didn't she? A. Yes.

Q. "Now, do you remember making a demand for that automobile of Mrs. Ortiz, wanting to take the car?"

This was objected to as immaterial. The objection was sustained. Defense counsel remarked:

"This is foundational, your Honor. I am laying a foundation."

Counsel for the defense then made the following offer of proof: "that this witness went to the home of Mrs. Ortiz and demanded possession of this 1956 Mercury car which was registered to her and Mr. Avelar, and had Mrs. Ortiz refused to give it to her she told Mrs. Ortiz in front of other witnesses that if she did not get the car she was going to file on behalf of her daughter a rape charge against the defendant." The People's objection to this offer of proof was sustained.

Defendant testified that he became acquainted with Mrs. Herrera in June 1959; that some time thereafter he bought a car and "she became a co-signer on this car . . . " and he thinks she still has it. Defendant denied any misconduct with the complaining witness.

Defendant testified that during August 1959 he was employed by the United Manufacturing Jewelries at 220 West Fifth Street, in Los Angeles; that he worked Monday through Friday, starting at 8:30 in the morning and quitting at 4:30 in the afternoon; that he traveled to and from work by streetcar and arrived home between 5 and 5:30 p. m. Defendant's counsel presented a statement from his employer, which was

received in evidence by stipulation, certifying to the hours defendant worked during August. It revealed that defendant did not work during the week ending August 8th, and that he lost one hour on August 25th, apparently leaving at 3:30 in the afternoon. Defendant and his fiancee testified that he spent his time on Saturdays and Sundays with her.

At no time during the entire course of the trial did defendant challenge or question either the truthfulness or accuracy of the testimony of the complaining witness or her mother as to the former's age.

In seeking a reversal defendant's basic contention is that the court prejudicially erred in not permitting his counsel to interrogate Mrs. Herrera along the line of his offer of proof for the purpose of testing her credibility by showing that she was biased and prejudiced against him and interested in the outcome of the case.

 Wide latitude should be allowed counsel in developing facts which show bias, prejudice or interest on the part of a witness and which therefore affect the credibility of the witness. (*Newman* v. *Los Angeles Transit Lines,* 120 Cal. App.2d 685, 691 [262 P.2d 95].)

 At the time counsel for the defense sought unsuccessfully to interrogate Mrs. Herrera with respect to the matters contained in his offer of proof the People had not rested their case. At that point in the trial the defendant had not been called upon to indicate the nature of his defense under his plea of not guilty nor had he thus far had an opportunity to dispute any of the testimony that had been presented against him. The age of the girl was, of course, material under the charge. Whether defendant would contend that the girl was over the age of consent was not then known. In this posture of the trial it would appear to have been proper for defense counsel to attempt to show bias and prejudice on the part of the mother as a basis for challenging the reliability of her testimony as to the girl's age, and the refusal to permit such showing would appear to have been error. But examination of the record in its entirety fails to indicate that the defendant ever questioned the fact that the girl was under the age of consent. There was no contest whatever on that issue. For all practical purposes her age was admitted.

In this state of the record the effect of the initial error has been dissipated for it cannot be prejudicial to a defendant to refuse to allow his counsel to explore an area for the pur-

pose of showing that a witness is unreliable as to a fact which the defendant does not dispute.

The tenuity of defendant's position is illustrated by his conclusion that "the rejected evidence affords a substantial *possibility* that had the court received it, his opinion of the credibility of witness La Rosa [the complaining witness— not the mother, whose credibility was challenged] would have been different" (emphasis added) ; that the rejected evidence might have affected the credibility of the girl; and that examination of Mrs. Herrera relative to her statement to Mrs. Ortiz "might have turned the scales." The uncertainty of the situation is accentuated by the lack of any assurance from counsel for defendant that Mrs. Herrera would testify in line with his offer of proof or that he was then prepared to otherwise establish that she made the asserted remarks. But if the incident had been thoroughly explored its effect on the outcome of the case is highly conjectural. This is not enough to justify a reversal for it "must necessarily be based upon reasonable probabilities rather than upon mere possibilities." (*People* v. *Watson,* 46 Cal.2d 818, 837 [299 P.2d 243].)

We have examined the entire record and are unable to say that it is reasonably probable that a result more favorable to the defendant would have been reached, absent the initial error. (*People* v. *Watson, supra,* p. 836.)

The judgment (and sentence, which are one and the same (*People* v. *Cruz,* 178 Cal.App.2d 83, 88 [2 Cal.Rptr. 868])) is affirmed.

Ashburn, J., and McMurray, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.